**LUCAS, Appellant and Cross–Appellee,**

**v.**

**KURT et al., Appellees and Cross–Appellants.**

[Cite as *Lucas v. Kurt* (1991), 72 Ohio App.3d 511.]

Court of Appeals of Ohio,
Lucas County.

No. L–89–337.

Decided Feb. 15, 1991.

George C. Rogers and Jill B. Kelly, for appellant and cross-appellee.
Cormac B. DeLaney, for appellees and cross-appellants.

---

HANDWORK, Presiding Judge.

This case is an appeal from a final judgment of the Lucas County Court of Common Pleas dated November 1, 1989, which granted summary judgment to appellees. The underlying action was commenced by appellant on April 18, 1988, against four defendants. Defendants Harry Kessler, Clerk of Municipal Court of the city of Toledo, and the city of Toledo were dismissed on motion, and the case proceeded against appellees Patricia Kurt and the Toledo Legal Aid Society. The allegations of the complaint which relate to appellees herein allege attorney malpractice. Appellees' answer in the trial court denied the operative allegations of the complaint and, following discovery, appellees filed a motion for summary judgment contending that they were immune from suit pursuant to R.C. Chapter 2744 for the reason that appellee Toledo Legal Aid Society is a political subdivision performing a governmental function. A response was filed and on May 23, 1989, the court denied the motion for summary judgment summarily. From this order appellees have filed a cross-appeal.

Thereafter, a second motion for summary judgment was filed by appellees alleging that no attorney-client relationship existed. A response was filed by appellant, and upon consideration the trial court found appellees' motion for summary judgment well taken. A timely notice of appeal was filed alleging a single assignment of error as follows:

"The lower court erred as a matter of law by granting appellee's [sic] motion for summary judgment since genuine issues of material fact exist in this case."

The single assignment of error alleged in appellees' cross-appeal is as follows:

"The trial court erred in its May 23, 1989 ruling that Toledo Legal Aid Society and Patricia Kurt are not immune from liability under the sovereign immunity statute, Revised Code Chapter 2744."

The Supreme Court of Ohio has stated in the case of Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, at 66, 8 O.O.3d 73, at 74, 375 N.E.2d 46, at 47:

"The appositeness of rendering a summary judgment hinges upon the tripartite demonstration: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor.

"The burden of showing that no genuine issue exists as to any material fact falls upon the moving party in requesting a summary judgment."

Civ.R. 56(A) provides in relevant part:

"A party seeking to recover upon a claim * * * may, at any time after the expiration of the time permitted under these rules for a responsive motion or pleading by the adverse party, * * * move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof. * * * *"

Civ.R. 56(C) provides, in relevant part:

" * * * Summary judgment shall be rendered forthwith if the pleading, depositions * * * show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. * * * *"

In this case the only evidence which, according to the record in this court, was presented to the trial court for its consideration was the complaint of the appellant and the answer of appellees. While significant reference is made to the deposition of the plaintiff, that document is not a part of the record before this court and we are not able to consider it in determining whether or not the trial court was correct. App.R. 9(A). Therefore, we limit our consideration of the assignment of error to the pleadings filed and the law which is applicable to the facts.

We therefore turn to the allegations of appellant's complaint to determine the facts upon which the court based its decision. Recognizing that these facts must be construed in the light most favorable to appellant, we note that appellant alleges she was cited by the Toledo police for not having a valid operator's license on June 26, 1986. She appeared in Toledo Municipal Court and was assigned attorney Patricia Kurt from the Public Defender's Office as her legal counsel. Kurt is an employee of the Toledo Legal Aid Society,

Public Defender's Office.   On August 4, 1986, Kurt appeared with appellant and requested a prosecutor pretrial.   Her request was granted, and the prosecutor pretrial was scheduled for October 1, 1986.   Thereafter on August 27, 1986, attorney Fred Sweeney appeared with appellant in Toledo Municipal Court.   Her case was dismissed on that day and an entry placed upon the municipal court affidavit, albeit out of order.   Appellant further alleges that both she and attorney Sweeney advised the public defender counsel, Patricia Kurt, that her case had been resolved.   Nonetheless, on October 1, 1986, a prosecutor pretrial was held, and Kurt set the matter for trial on November 21, 1986.   The case was called for trial on that day and appellant failed to appear, believing that the case had been disposed of.   Consequently, a warrant was issued for her arrest and on April 5, 1987, she was arrested and incarcerated.   These facts are not disputed by appellees for purposes of the ruling on appellees' motion for summary judgment.

█ Appellees contend that after August 27, 1986, no attorney-client relationship existed between appellant and appellees.   They argue that the decision of appellant to engage another attorney severed any relationship which did exist between the parties.   It is undisputed that on August 4, 1986, the parties did enter into an attorney-client relationship when appellant appeared in court and was assigned a public defender in the person of appellee Patricia Kurt.   It is also further undisputed that appellant asked Fred Sweeney to resolve her case on August 27, 1986.   Further, her case was resolved that day. It may be stated as a general rule that a client has an absolute right to dismiss an attorney from his service at any time.   6 Ohio Jurisprudence 3d (1978) 669, Attorneys at Law, Section 137.   The Supreme Court of Ohio has stated: "The universally recognized rule is that a client may dismiss an attorney from his service at any time * * *."   *Bolton v. Marshall* (1950), 153 Ohio St. 250, 254, 41 O.O. 270, 272, 91 N.E.2d 508, 510.   See, also, *Brown v. Johnstone* (1982), 5 Ohio App.3d 165, 5 OBR 347, 450 N.E.2d 693.

There can be little question that appellant intended to sever her relationship with appellees when she engaged the services of another attorney.   Reasonable minds could not conclude otherwise.   Additionally, the allegations of appellant's complaint indicate that both Fred Sweeney and plaintiff Jovita Lucas advised the public defender counsel, Patricia Kurt, that the matter had been resolved.

We find, as a matter of law, that appellant's actions effectively terminated their attorney-client relationship and that no attorney-client relationship existed between appellant and appellees after August 27, 1986.   Having so found, it is unnecessary to analyze any of the other arguments made by appellees in

support of their motion for summary judgment. Appellant's sole assignment of error is found not well taken.

The resolution of appellant's single assignment of error renders appellees' cross-appeal moot and it is therefore found not well taken.

On consideration whereof, the court finds substantial justice has been done the parties complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.

*Judgment affirmed.*

GLASSER and MELVIN L. RESNICK, JJ., concur.