JOURNAL ENTRY AND OPINION
{¶ 1} On January 17, 2003, the applicant, David Wente, pursuant to App.R. 26(B), applied to reopen this court's judgment in State of Ohio v.David Wente, (Oct. 22, 2002), Cuyahoga App. No. 81721, in which this court dismissed Mr. Wente's appeal for failure to file a brief. Mr. Wente claims that he received ineffective assistance of appellate counsel because his trial counsel did not continue representing him after the trial court sentenced him to prison. Although the State of Ohio did not file any opposition to the application, this court denies the application for the following reasons.
 {¶ 2} In the Fall of 2001, Mr. Wente pleaded guilty to attempted felonious assault, and the trial court sentenced him to two years of community control sanctions. However, in July, 2002, Mr. Wente was charged with violating his community control sanctions, and the trial court appointed Mr. Lee as Mr. Wente's attorney for the violations hearing.[1] At the hearing on July 31, 2002, the trial court found Mr. Wente in violation, terminated the community control sanctions and imposed a three year prison sentence.[2] Subsequently, on August 20, 2002, Mr. Lee submitted his fee bill, and the trial court allowed $100.00 for representing Mr. Wente on the community control sanctions violation. On September 3, 2002, Mr. Wente, pro se, filed his notice of appeal; he also moved the trial court to appoint appellate counsel. The trial court delayed in ruling on this motion, and on October 9, 2002, this court dismissed the appeal.
 {¶ 3} Mr. Wente now argues ineffective assistance of appellate counsel because when the trial court delayed appointing counsel for the appeal, the duty to represent Mr. Wente defaulted to his last attorney, Mr. Lee. Thus, Mr. Lee's failure to prepare and to file a brief was deficient representation and lost Mr. Wente's opportunity to appeal his community control sanctions violation and his three year prison sentence.
 {¶ 4} However, Mr. Wente's premise that the duty to represent him defaulted to Mr. Lee is not well founded. The general rule is that the employment of an attorney terminates upon the entry of a final decree, in this case the order finding Mr. Wente violated community control sanctions and imposing a prison sentence. Boldt v. Baker (1920),13 Ohio App. 125; Reynolds v. Reynolds (1919), 12 Ohio App. 63; Pekay v.Murton (Sept. 29, 1983), Cuyahoga App. Nos. 45409 and 45799; and Orojiv. Sanese Services, Inc. (Nov. 26, 1996), Franklin App. No. 96APE05-644. In the present case the termination of the client-counsel relationship is reinforced by Mr. Lee's seeking payment for representation at the violation hearing in late August before the time for appealing had lapsed.
 {¶ 5} Moreover, the client-counsel relationship is consensual in nature, and the actions of either party can affect its continuance. Indeed, conduct which dissolves the essential mutual confidence between the attorney and client signals the termination of that relationship.Brown v. Johnstone (1982), 5 Ohio App.3d 165, 450 N.E.2d 693; Lucas v.Kurt (1991), 72 Ohio App.3d 511, 595 N.E.2d 478; Hermann, Cahn Schneider v. Viny (1987), 42 Ohio App.3d 132, 537 N.E.2d 236; and Dawsonv. Pauline Homes, Inc. (1958), 107 Ohio App. 90, 154 N.E.2d 164. In the present case, Mr. Wente's pro se filing of his notice of appeal and moving the trial court to appoint an attorney was such conduct that it terminated the attorney-client relationship. Again, Mr. Lee seeking to be paid for his appointment reinforces that termination. Accordingly, Mr. Lee was no longer Mr. Wente's attorney and had no duty to file an appellate brief, and Mr. Wente's application to reopen because of ineffective assistance of counsel is ill-founded.
 {¶ 6} Application to reopen is denied.
KENNETH A. ROCCO, A.J., and TIMOTHY E. McMONAGLE, J., concur.
[1] A different attorney represented Mr. Wente in the Fall of 2001.
[2] The court of appeals docket indicates that this trial court order was journalized on August 5, 2002.