OPINION
{¶ 1} James Triplett, plaintiff-appellant, appeals from a judgment of the Franklin County Court of Common Pleas, in which the court granted the motion for summary judgment filed by Frederick D. Benton, Jr., defendant-appellee.
 {¶ 2} Appellant owns rental property. On August 1, 1996, an action was filed against appellant by a prospective tenant, Mychana Burton, alleging appellant refused to rent to her based upon her race ("Burton case"). Appellant acted pro se until May 25, 1999, at which time appellee entered an appearance on behalf of appellant. The matter came on for a jury trial. On March 16, 2001, the jury found in favor of Burton and awarded Burton $10 in compensatory damages and $5,000 in punitive damages.
 {¶ 3} On March 20, 2001, appellant mailed a letter to appellee requesting that appellee seek permission to withdraw as his counsel. Appellee filed a motion to withdraw on March 27, 2001. On April 11, 2001, the trial court entered judgment on a jury verdict. The trial court indicated in the entry that, after depositions and the exchange of documents, it would determine the amount of attorney fees recoverable by Burton. On May 2, 2001, appellant mailed a letter to appellee in which appellant indicated that he was giving notice that he wished to depose appellee with regard to a legal malpractice claim concerning the Burton case. The trial court granted appellee's motion to withdraw on May 11, 2001.
 {¶ 4} On May 10, 2002, appellant filed a pro se complaint in the present case against appellee, asserting eight causes of action. The first claim alleged that appellee breached a contract for legal representation by abandoning the Burton case before the final judgment was rendered on attorney fees. The second, third, fourth, fifth, sixth, and eighth claims allege negligence with regard to various acts, omissions, and misconduct appellee perpetrated in his representation of appellant in the Burton case. The seventh claim contains an allegation regarding appellee's failure to give appellant his "undivided loyalty" in representing him. On June 12, 2002, appellee filed a motion to dismiss appellant's complaint based upon the statute of limitations. The trial court filed a notice of intent to convert appellee's motion to dismiss to a motion for summary judgment on February 14, 2003. On February 27, 2003, appellant filed a motion for a continuance to delay the determination of appellee's motion for summary judgment and an affidavit contra appellee's motion for summary judgment. On March 10, 2003, the trial court entered a judgment granting appellee's motion for summary judgment. Because the trial court had been unaware appellant had filed the motion for continuance and affidavit, on April 3, 2003, the trial court entered another judgment denying appellant's motion for continuance and entering a nunc pro tunc judgment granting appellee's motion for summary judgment. Appellant, acting pro se, appeals the judgment of the trial court, asserting the following four assignments of error:
1. Whether or not the ORC 2305.07, Contracts not in writing; statutory liabilities generally apply in this herein case which is a six year statute of limitation.
2. Whether or not ORC 2305.11(A) Time limitations for bringing certain actions[,] [i]s overbroad and or unconstitutionally vague to constitute a valid statute.
3. Whether or not the inferior court abused its discretion in applying ORC 2305.11(A) to the facts in this herein case.
4. Whether or not the inferior court abused its discretion in rendering a summary judgment.
 {¶ 5} Appellant argues in his assignments of error that the trial court erred in granting summary judgment to appellee. Summary judgment will be granted where the movant demonstrates that there is no genuine issue of material fact, that the moving party is entitled to judgment as a matter of law, and where reasonable minds can only reach one conclusion that is adverse to the non-moving party. Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66. Once the moving party has satisfied its initial burden, the non-moving party has a reciprocal burden of setting forth specific facts showing there is a genuine issue for trial. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293.
 {¶ 6} In his first assignment of error, appellant argues that the six-year statute of limitations in R.C. 2305.07 applies to the present case. R.C. 2305.07 provides for a six-year statute of limitations for actions based on contracts not in writing. The trial court construed all of appellant's causes of action as actions for legal malpractice. We agree. The one-year statute of limitations applicable to claims of legal malpractice is determined from the "gist of the complaint," not from the form of the pleading. Hibbett v. Cincinnati (1982), 4 Ohio App.3d 128,131. In Muir v. Hadler Real Estate Mgt. Co. (1982), 4 Ohio App.3d 89,90, this court explained, "[m]alpractice by any other name still constitutes malpractice." Malpractice consists of "`the professional misconduct of members of the medical profession and attorneys'" and may consist of either negligence or breach of contract. Id., quoting Richardson v. Doe (1964), 176 Ohio St. 370, 372. "It makes no difference whether the professional misconduct is founded in tort or contract, it still constitutes malpractice." Id. Thus, "[a]n action by the client against an attorney for damages resulting from the manner in which the attorney represented the client constitutes an action for malpractice within the meaning of R.C. 2305.11, regardless of whether predicated upon contract or tort or whether for indemnification or for direct damages." Id. at syllabus. See, also, Roberts v. Hutton, 152 Ohio App.3d 412,2003-Ohio-1650, at ¶ 52 (following Muir); Rumley v. Buckingham, Doolittle Burroughs (1998), 129 Ohio App.3d 638, 641-642 (following Muir). This language in Muir was prompted by frequent attempts to avoid the one-year statute of limitations on such actions and benefit from the longer statutes of limitations applicable to alternative theories of recovery. Endicott v. Johrendt (June 22, 2000), Franklin App. No. 99AP-935.
 {¶ 7} In the present case, appellant's first cause of action alleges that appellee breached his contract in the Burton case by failing to represent him until the final judgment. Appellant claims that he should receive the fees he prepaid to appellee as the result of appellee's "negligence" in performing under the contract. It is apparent that appellant's action under his first cause of action, as well as the others, are based upon the manner in which the attorney represented the client. Thus, all of the causes of action in appellant's complaint constitute claims for legal malpractice within the meaning of R.C. 2305.11. Therefore, the six-year statute of limitations in R.C. 2305.07 does not apply. Appellant's first assignment of error is overruled.
 {¶ 8} Appellant argues in his second assignment of error that R.C. 2305.11(A) is unconstitutionally vague and overbroad. The record reveals that appellant did not challenge the constitutionality of the statute at the trial court level.
Failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal.
State v. Awan (1986), 22 Ohio St.3d 120, at syllabus. See, also, Gibson v. Meadow Gold Dairy (2000), 88 Ohio St.3d 201, 204; State v. 1981 Dodge Ram Van (1988), 36 Ohio St.3d 168, 170; State v. Samatar,152 Ohio App.3d 311, 2003-Ohio-1639, at ¶ 115 (following Awan and 1981 Dodge Ram Van). Appellant's constitutional claims were apparent but not made in the trial court. Therefore, appellant has waived these arguments. Appellant's second assignment of error is overruled.
 {¶ 9} Appellant's third and fourth assignments of error will be addressed together, as they present the same general argument. Appellant argues in these assignments of error that the trial court erred in granting summary judgment to appellee based upon the statute of limitations. Pursuant to R.C. 2305.11(A), legal malpractice actions are subject to a one-year statute of limitations.
Under R.C. 2305.11(A), a cause of action for legal malpractice accrues and the one-year statute of limitations commences to run either when the client discovers or, in the exercise of reasonable diligence should have discovered, the resulting damage or injury, or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later.
Omni-Food Fashion, Inc. v. Smith (1988), 38 Ohio St.3d 385, paragraph one of the syllabus. Further, in paragraph two of the syllabus:
For the purposes of determining the accrual date of R.C. 2305.11(A) in a legal malpractice action, the trial court must explore the particular facts of the action and make the following determinations: when the injured party became aware, or should have become aware, of the extent and seriousness of his or her alleged legal problem; whether the injured party was aware, or should have been aware, that the damage or injury alleged was related to a specific legal transaction or undertaking previously rendered him or her; and whether such damage or injury would put a reasonable person on notice of the need for further inquiry as to the cause of such damage or injury.
 {¶ 10} Appellee argues that under both the "discovery" test and the "termination" test explained in Omni-Food Fashion, appellant's complaint was outside the one-year statute of limitations. Appellant counters that his cause of action accrued or will accrue on one of the following dates: (1) May 11, 2001, the date of the trial court's judgment granting appellee's motion to withdraw; (2) the date the trial court renders a final judgment in the Burton case with regard to attorney fees awarded to Burton; and (3) the date the court of appeals decides his appeal in the Burton case.
 {¶ 11} With regard to the discovery test enunciated in Omni-Food Fashion, appellee argues that appellant discovered, or, in the exercise of reasonable diligence should have discovered the resulting damage or injury from the alleged malpractice at the earliest, March 20, 2001, and at the latest, May 2, 2001, based upon letters appellant sent to appellee on those two dates. In the March 20, 2001 letter, appellant indicated that he wanted appellee to ask the trial judge if appellant could discharge appellee; that appellee had committed numerous professional responsibility violations; that appellee was acting ineffectively in representing him and had committed at least 50 errors; and that appellee had engaged in misconduct. In the May 2, 2001 letter, appellant indicated that the letter constituted notice that appellant wanted to depose appellee regarding his conduct in representing appellant in the Burton case; that the subject of the deposition would be appellee's legal malpractice; that appellee did many things to injure appellant; and that appellant would be filing a legal malpractice claim against appellee.
 {¶ 12} We find there are no genuine issues of material fact as to when appellant discovered or, in the exercise of reasonable diligence, should have discovered the resulting damage or injury from appellee's alleged malpractice. Appellant's letters both indicate that appellant was convinced of appellee's legal malpractice as of those dates. Appellant opined in the letters that appellee had committed numerous errors and participated in misconduct in his legal representation. Further, the trial court in the Burton case entered judgment on the jury verdict in favor of Burton on April 11, 2001, thereby giving notice to appellant of any possible claims of malpractice against his attorney at that time. Although the specific amount of attorney fees in the Burton case had not been finally decided as of the date of the trial court's decision in the present case, the April 11, 2001 entry reveals that the trial court in the Burton case was going to award attorney fees after appellant was permitted to depose and exchange documents with Burton's attorney. Therefore, based upon the evidence in the record, appellant knew of any injuries caused by appellee's alleged malpractice by March 20, 2001, at the earliest, and May 2, 2001, at the latest.
 {¶ 13} With regard to the termination test enunciated in Omni-Food Fashion, appellee argues that the attorney-client relationship had terminated as of May 2, 2001, at the latest. The attorney-client relationship is consensual in nature, and the actions of either party can affect its continuance. Brown v. Johnstone (1982), 5 Ohio App.3d 165,167. Any conduct that dissolves the essential mutual confidence between the attorney and client signals the termination of that relationship. Id.; Lucas v. Kurt (1991), 72 Ohio App.3d 511. An explicit statement terminating the relationship is not necessary. Brown, at 166-167.
 {¶ 14} We agree with appellee that the attorney-client relationship had terminated by at least May 2, 2001. Although the trial court did not officially grant appellee's motion to withdraw until May 11, 2001, an attorney-client relationship can be terminated prior to the trial court's granting of a notice of withdrawal. See Wozniak v. Tonidandel (1997), 121 Ohio App.3d 221. In the present case, the evidence demonstrates that the attorney-client relationship had terminated prior to May 11, 2001. In appellant's May 2, 2001 letter, he indicated he was giving notice to appellee that he wished to set a date for appellee's deposition regarding his "legal malpractice." Appellant also unequivocally indicated in the letter that he would be filing a legal malpractice action against appellee and the sole purpose of the deposition was to determine the amount of damages appellant sustained from the alleged malpractice. Certainly, one's relationship with his or her former counsel has terminated and their mutual confidence has dissolved by the time the client sends notice to the attorney for a deposition relating to a malpractice claim against that attorney. Further, appellant acknowledged in the May 2, 2001 letter that appellee had filed a motion to withdraw, and appellant expressed disappointment that the trial court had not yet granted it.
 {¶ 15} Additionally, appellee sent an April 19, 2001 letter to appellant, in which he informed appellant that he would not be representing him at the post-trial deposition and hearing because the trial court had indicated it would allow appellant to represent himself. A letter from an attorney to a client may support the termination date of the attorney-client relationship. Chapman v. Basinger (1991),71 Ohio App.3d 5; Hickle v. Malone (1996), 110 Ohio App.3d 703.
 {¶ 16} In addition, after appellee's March 27, 2001 motion to withdraw, and the April 19, 2001 letter, the parties acted as if the attorney-client relationship had ended. On March 31, 2001, appellant filed a pro se motion for a jury trial on the complaint and attorney fees in the Burton case. Pro se filings after the rendering of a judgment are evidence that the attorney-client relationship has been terminated. State v. Wente, Cuyahoga App. No. 81721, 2003-Ohio-3659. Also, after the jury verdict, appellant ceased additional legal services, except to forward to appellee any documents he received pertaining to the case. Appellant presented no evidence showing that, after the jury returned its verdict, he expected appellee to represent him any further. Thus, the evidence submitted by the parties demonstrates that the attorney-client relationship had terminated by at least May 2, 2001.
 {¶ 17} Therefore, pursuant to R.C. 2305.11(A), appellant's cause of action for legal malpractice accrued at the latest on May 2, 2001, by which time appellant had discovered any resulting damage from the alleged malpractice and the attorney-client relationship had terminated. See Omni-Food Fashion, supra. Because appellant did not file his legal malpractice claim against appellee until May 10, 2002, his lawsuit was not commenced within one-year of the accrual date of his cause of action. As there are no genuine issues of material fact, and appellant filed his complaint outside the statute of limitations, summary judgment was appropriate. Appellant's third and fourth assignments of error are overruled.
 {¶ 18} Accordingly, appellant's four assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
PETREE, P.J., and BRYANT, J., concur.