[Cite as *Creech v. Gaba*, 2017-Ohio-195.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Scott David Creech, :

      Plaintiff-Appellant, : No. 15AP-1100
                               (C.P.C. No. 15CV-777)

v. :

                               (ACCELERATED CALENDAR)

Elizabeth N. Gaba, :

      Defendant-Appellee. :

---

# D E C I S I O N

## Rendered on January 19, 2017

---

**On brief:** *Scott David Creech*, pro se.

**On brief:** *Elizabeth N. Gaba*, pro se.

---

APPEAL from the Franklin Court Court of Common Pleas

BROWN, J.

{¶ 1}  Scott David Creech, plaintiff-appellant, appeals from the judgment of the Franklin County Court of Common Pleas, in which the court granted summary judgment to Elizabeth N. Gaba, defendant-appellee.

{¶ 2}  Appellant is currently incarcerated at Chillicothe Correctional Institution. Appellee is an attorney. Appellant hired appellee to represent him in a post-sentence criminal matter in February 2011. Appellant claims he and his mother entered into a verbal contract with appellee in which appellee would represent him for a flat fee of $10,000.

{¶ 3}  On January 8, 2015, appellant filed an action against appellee, alleging she breached their contract by requesting more money for her representation and she

committed legal malpractice by: (1) failing to provide a written fee agreement and soliciting him as a client in violation of the Professional Code of Responsibility ("the Code"), (2) promising him he would be released from prison in violation of the Code, (3) failing to advance arguments he wanted her to make in violation of the Code, (4) double charging him for filing fees and other costs in violation of the Code, (5) filing frivolous actions on his behalf in violation of the Code, and (6) failing to fulfill the intents and desires of him in violation of the Code. On April 16, 2015, appellee filed a motion for summary judgment on all claims.  On June 5, 2015, appellant filed a motion for summary judgment on his breach of contract claim.

{¶ 4}   On November 6, 2015, the trial court issued a decision and entry in which it granted appellee's motion for summary judgment and denied appellant's motion for summary judgment. Appellant appeals the judgment of the trial court, asserting the following assignments of error:

> [I.] The Trial Court erred and abused its discretion by granting Defendant-Attorney's Motion for Summary Judgment; in a Legal Malpractice and Breach of Contract Action, without the required burden of proof that no genuine issues of material fact exists on her former client's claims.

> [II.] The Trial Court erred and abused its discretion by denying Plaintiff's Cross-Motion for Summary Judgment; on the breach of Contract claims, as there was no genuine issue of material fact that Defendant-Attorney breached the Flat Rate Fee Agreement. Moreover, there was no requirement to produce expert testimony; as the breach of contract claims come within the ordinary knowledge and experience of any layperson. See Party Dock, Inc. V. Nasrallah, 2000 Ohio App. LEXIS 4620, 2000 WL 1473149 (10th Dist., 2000); McInnis v. Hyatt Legal Clinics, 10 Ohio St. 3d 112 (1984). Here, its clear that a Flat Rate Fee Contract for legal services was entered into by the parties; and Defendant-Attorney breached it in many ways, but, at least, by charging additional funds. This evidence was supported by sufficient evidence including two (2) separate Affidavits and not countered by any credible evidence by Defendant-Attorney. Summary Judgment, on the breach of contract claims, was appropriate under Ohio Civ. R. 56 herein.

{¶ 5}   In his first assignment of error, appellant argues that the trial court erred when it granted summary judgment. Summary judgment is appropriate when the moving

party demonstrates that: (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion when viewing the evidence most strongly in favor of the non-moving party, and that conclusion is adverse to the non-moving party. *Hudson v. Petrosurance, Inc.*, 127 Ohio St.3d 54, 2010-Ohio-4505, ¶ 29; *Sinnott v. Aqua-Chem, Inc.*, 116 Ohio St.3d 158, 2007-Ohio-5584, ¶ 29. Appellate review of a trial court's ruling on a motion for summary judgment is de novo. *Hudson* at ¶ 29. This means that an appellate court conducts an independent review, without deference to the trial court's determination. *Zurz v. 770 W. Broad AGA, L.L.C.*, 192 Ohio App.3d 521, 2011-Ohio-832, ¶ 5 (10th Dist.); *White v. Westfall*, 183 Ohio App.3d 807, 2009-Ohio-4490, ¶ 6 (10th Dist.).

{¶ 6}    When seeking summary judgment on the ground that the non-moving party cannot prove its case, the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on an essential element of the non-moving party's claims. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). The moving party does not discharge this initial burden under Civ.R. 56 by simply making a conclusory allegation that the non-moving party has no evidence to prove its case. *Id.* Rather, the moving party must affirmatively demonstrate by affidavit or other evidence allowed by Civ.R. 56(C) that the non-moving party has no evidence to support its claims. *Id.* If the moving party meets its burden, then the non-moving party has a reciprocal burden to set forth specific facts showing that there is a genuine issue for trial. Civ.R. 56(E); *Dresher* at 293. If the non-moving party does not so respond, summary judgment, if appropriate, shall be entered against the non-moving party. *Id.*

{¶ 7}    Appellant argues in the present case that the trial court failed to address whether the parties entered into a flat-fee agreement for $10,000 and that appellee overcharged him in excess of $13,000, contrary to the flat-fee agreement. In his complaint, under his breach of contract claims, appellant alleged that he and appellee entered into a verbal flat-fee agreement in which appellee verbally guaranteed to gain him release from prison for a flat fee of $10,000, to be paid up front. Appellant alleged that the verbal agreement was that no additional money would be necessary to secure his release, although appellee never outlined exactly what she would do for this fee.  Appellant further

alleged that appellee agreed to pursue his ideas for obtaining resentencing but did not, and she filed pleadings and appeals that were meritless and without support under the law. Appellant also alleged that appellee convinced his mother to pay her additional fees to pursue a frivolous appeal, and she was ultimately unsuccessful. Appellant also claimed that appellee lied to him in order to obtain additional fees above the amount already agreed to in the flat-fee agreement.

{¶ 8} With regard to appellant's fee arguments, the trial court found that, contrary to appellant's characterization of these claims as breach of contract claims, they were actually legal malpractice claims for which appellant failed to present expert testimony. The court found that they arose directly from appellee's representation of appellant.

{¶ 9} We agree with the trial court that appellant's claims are, in essence, professional malpractice claims. "[A]n action against one's attorney for damages resulting from the manner in which the attorney represented the client constitutes an action for malpractice within the meaning of R.C. 2305.11, regardless of whether predicated upon contract or tort." *Muir v. Hadler Real Estate Mgt. Co.*, 4 Ohio App.3d 89, 90 (10th Dist.1982). "The term 'malpractice' refers to professional misconduct, i.e. the failure of one rendering services in the practice of a profession to exercise that degree of skill and learning normally applied by members of that profession in similar circumstances." *Strock v. Pressnell*, 38 Ohio St.3d 207, 211 (1988), citing 2 Restatement of the Law 2d, Torts, Section 299(A) (1965). The elements of a claim for malpractice under Ohio law are: (1) an attorney-client relationship giving rise to a duty, (2) a breach of that duty and a failure to conform to the standard required by law, and (3) a causal connection between the conduct complained of and the resulting damage or loss. *Vahila v. Hall*, 77 Ohio St.3d 421, 427 (1997). An attorney owes to a client the duty to exercise the knowledge, skill, and ability ordinarily possessed and exercised by members of the legal profession similarly situated, and to discharge that duty in a reasonably diligent, careful, and prudent manner. *Palmer v. Westmeyer*, 48 Ohio App.3d 296, 298 (6th Dist.1988).

{¶ 10} Consistent with the above dictates, a cause of action will be subsumed into a malpractice claim if it arises out of " 'the manner in which the attorney represented the client.' " *Dottore v. Vorys, Sater, Seymour & Pease, L.L.P.*, 8th Dist. No. 98861, 2014-

Ohio-25, ¶ 33-35, quoting *Muir* at 90. This standard focuses on whether the claim involves professional misconduct, which is a narrower focal point than merely determining whether there was an attorney-client relationship. *Id.* " '[P]rofessional misconduct may consist either of negligence or of breach of the contract of employment.' " *Muir* at 90, quoting *Richardson v. Doe*, 176 Ohio St. 370, 372 (1964). All claims in tort, fraud, or contract against a lawyer are, essentially, considered to be malpractice. *Gullatte v. Rion*, 145 Ohio App.3d 620, 626 (2d Dist.2000). "Malpractice by any other name still constitutes malpractice." *Muir* at 90. A party cannot transform one cause of action into another through clever pleading or an alternate theory of law in order to avail itself of a more satisfactory legal status. *Callaway v. Nu-Cor Automotive Corp.*, 166 Ohio App.3d 56, 2006-Ohio-1343, ¶ 14 (10th Dist.).

{¶ 11} A complaint concerning the billing of fees arises out of the manner in which the client was represented within the attorney-client relationship. *Dottore* at ¶ 45, citing *Rosenberg v. Atkins*, 1st Dist. No. C-930259 (Oct. 5, 1994); *Chambers v. Cottrell*, 6th Dist. No. L-10-1178, 2011-Ohio-144, ¶ 13; *Wilkerson v. O'Shea*, 12th Dist. No. CA2009-03-68, 2009-Ohio-6550, ¶ 13. This court, as well as many others, have found a wide variety of claims involving disputes over billing, fees, and charges are legal malpractice actions. *See Nichter v. Shamansky*, 10th Dist. No. 14AP-811, 2015-Ohio-1970, ¶ 24 (finding overcharging client and refusing to refund a portion of the retainer paid to attorney arise from the attorney's representation of the client within the attorney-client relationship, and, therefore, the trial court properly concluded that they were subsumed within the legal malpractice claim); *Dottore* at ¶ 35-38 (finding fraudulent billing is a malpractice claim); *Heuker v. Roberts, Kelly & Bucio, LLP*, 3d Dist. No. 17-13-09, 2013-Ohio-3987, ¶ 25 (finding failing to refund money from the sale of land used to pay for legal fees is a malpractice claim); *Wilkerson* at ¶ 18 (finding overcharging a client for legal services and failing to provide an adequate accounting of the fees charged are malpractice claims); *Triplett v. Benton*, 10th Dist. No. 03AP-342, 2003-Ohio-5583, ¶ 7 (finding failing to refund client fees is a malpractice claim); *Byrd v. Peden*, 10th Dist. No. 99AP-111 (Sept. 28, 1999) (finding billing errors by a lawyer is a malpractice claim); *Rosenberg* (finding overcharging a client for legal services is a malpractice claim); *Blackwell v. Gorman*, 142 Ohio Misc.2d 50, 53 (2007) (finding charging an excessive legal fee is a

malpractice claim). *See also Vorys, Sater, Seymour & Pease LLP v. IP of A Columbus Works 1, LLC*, S.D. Ohio No. 2:12-cv-01072 (June 5, 2013) (allegation that attorneys billed clients for legal services that did not benefit them is directly tied to their allegations of legal malpractice and, consequently, subsumed in the malpractice claim).

{¶ 12} Although Ohio authority on the subject finds a broad range of fee disputes fall within the purview of a legal malpractice claim, we do not suggest that every fee dispute arising from the attorney-client relationship is a malpractice claim. Some types of claims, such as ones relating solely to the perfunctory task of billing, would be removed from the classic legal malpractice claim that involves a violation of the standard of care relating to professional judgment or performance. The Sixth District Court of Appeals expressed similar sentiments in *Future Lawn, Inc. v. Steinberg*, 6th Dist. No. L-08-1030, 2008-Ohio-4127, ¶ 35, stating in dicta:

> Appellees viewed the fee dispute with Eastman as being a claim on written contract, not malpractice. The trial court in the Eastman suit did not agree, but its ruling was never tested because appellants released Eastman of all claims, including the fee dispute. Malpractice is the " 'professional misconduct of * * * attorneys.' Such professional misconduct may consist of either negligence or of breach of the contract of employment." *Muir v. Hadler Real Estate Management Co.* (1982) 4 Ohio App. 3d 89, 90, 4 Ohio B. 170, 446 N.E.2d 820, quoting *Richardson v. Doe* (1964), 176 Ohio St. 370, 372, 199 N.E.2d 878. It would seem arguable that a fee dispute, whether with a hospital or a law firm, is an action outside the professional relationship and should not be governed by the same strictures applicable to the exercise of professional judgment. In any event, appellants settled the underlying claim, arguably waiving any further ancillary action.

{¶ 13} In another case, *Dzambasow v. Abakumov*, 8th Dist. No. 86021, 2005-Ohio-6719, the appellate court addressed whether a complaint filed by clients against their attorney was one sounding in legal malpractice. The clients' complaint alleged breach of contract, fraud, rescission, and unjust enrichment against their attorney. The clients claimed that the attorney entered into a contract with them, charged excessive fees, charged a non-refundable retainer, and failed to provide substantial legal services. Although the trial court found the complaint alleged malpractice claims, the court of appeals found that the gist of their complaint did not involve the manner in which the

attorney represented them and did not involve any allegation that the attorney exercised any legal judgment on their behalf or neglected a legal matter they entrusted to him; thus, the claims were not for legal malpractice.

{¶ 14} The court's holding in *Dzambasow* suggests that a fee dispute between a client and an attorney may be deemed a breach of contract action instead of a malpractice action.  In *Dzambasow*, the defendant-attorney at issue performed little to no legal work for the plaintiffs-clients in the two cases for which they hired him.  Instead, upon being retained, the defendant-attorney immediately hired another attorney as "co-counsel" to represent the plaintiffs-clients, and that attorney was the clients' sole attorney at most proceedings, while the defendant-attorney was present only for a few ancillary proceedings.

{¶ 15} All of the claims in appellant's complaint in the present case revolve around legal malpractice claims. Appellant's claims regarding fees and the alleged flat-fee agreement are actually complaints that appellee failed to perform satisfactory work for such fees. Appellant alleges in his complaint that appellee never outlined exactly what she would do for the alleged flat fee; failed to secure his release for the flat fee; failed to pursue his ideas for obtaining resentencing for that flat fee; used the alleged flat fee to file pleadings and appeals that were meritless, frivolous, and unsuccessful; lied to appellant regarding her intended representation in order to obtain fees in addition to the alleged flat fee; and continued to refuse to act or file more appropriate motions on his behalf under the alleged flat-fee agreement. Although appellant now seeks to frame his allegations as solely ones sounding in breach of contract, the arguments underlying all of his claims relate to appellee's allegedly incompetent professional representation under such alleged flat-fee contract.  Even in his complaint, appellant alleges under every cause of action that appellee's actions violated her fiduciary duty and the Code.  Such allegations are ones for legal malpractice that concern appellee's professional judgment and competent representation. Therefore, for the foregoing reasons, we find appellant's complaint raised allegations sounding in professional malpractice. Appellant's first assignment of error is overruled.

{¶ 16} Appellant argues in his second assignment of error that if we overrule his first assignment of error, as we have done, we should find that the trial court should have

found there was no requirement that he produce expert testimony to support his breach of contract claims, which we have found above are actually professional malpractice claims. Appellant argues that his claims were within the ordinary knowledge of any layperson. Appellant contends there existed a flat-fee agreement between the parties, and any layperson could determine such.

{¶ 17} In a legal malpractice case, expert testimony is generally required in order to prove breach of the duty that the attorney owed to the plaintiff, unless the claimed breach of professional duty is "well within the common understanding of * * * laymen." In *McInnis v. Hyatt Legal Clinics*, 10 Ohio St.3d 112, 113 (1984). "Expert testimony is required so that the trier of fact does not have to speculate on the standard of care, particularly in a complex case involving [matters] which are normally not within the realm of understanding of the layman." *Northwestern Life Ins. Co. v. Rogers*, 61 Ohio App.3d 506, 512 (10th Dist.1989). Accordingly, " '[i]n all but a few cases, expert testimony is required to support allegations of professional malpractice.' " *Party Dock, Inc. v. Nasrallah*, 10th Dist. No. 99AP-1345 (Oct. 5, 2000), quoting *Bruni v. Tatsumi*, 46 Ohio St.2d 127, 130 (1976).

{¶ 18} We agree with the trial court that the alleged breaches raised by appellant are not of a type that would be within the ordinary knowledge or experience of a layperson. Therefore, appellant was required to provide the court with expert testimony establishing a breach of duty by appellee. Appellee submitted her own affidavit to the trial court indicating that she met the appropriate standard of care, while appellant failed to submit an affidavit from any legal expert. "[A]n affidavit from the acting attorney is a legally sufficient basis upon which to grant a motion for summary judgment in a legal malpractice action absent any opposing affidavit of a qualified expert witness for the plaintiff." *Yates v. Brown*, 185 Ohio App.3d 742, 750, 2010-Ohio-35, ¶ 26 (9th Dist.), citing *Haas v. Bradley*, 9th Dist. No. 04CA008541, 2005-Ohio-4256, ¶ 22.

{¶ 19} Here, although appellant frames the issue as one relating to the existence of a flat-fee agreement, his actual claims regarding the flat-fee agreement, as explained above, are that appellee never told him what services she would perform for the fees paid, failed to secure his release for the fees paid, lied to him in order to obtain more fees, filed inappropriate pleadings for the fees paid, and failed to continue representing him for the

original fees paid. These are matters that are within the special knowledge of an expert and not within the knowledge of a layperson. *See, e.g., Toliver v. Duwel*, 2d Dist. No. 24768, 2012-Ohio-846, ¶ 82 (client failed to meet reciprocal burden to set forth facts that would establish an issue of fact for trial regarding his legal malpractice claim because he failed to submit expert evidence on his claim that his attorney charged excessive legal fees—the claim was not sufficiently obvious to be determined as a matter of law, nor was it within the ordinary knowledge of a layperson). *See also Fincher v. Phillips*, 6th Dist. No. L-10-1330, 2011-Ohio-968, ¶ 12 (finding that "establishing malpractice for charging excessive fees clearly necessitates expert testimony," because the determination of legal fees involves several factors including the time and labor required, the difficulty of the issues involved, and the requisite skill needed to provide the legal service, all of which are not within the ordinary knowledge of laymen). Therefore, we find the trial court did not err when it found that appellant was required to support his claim for professional negligence with expert testimony. His failure to do so was proper grounds to grant appellee's motion for summary judgment and deny appellant's motion for summary judgment. Thus, we find appellant's argument without merit and overrule his second assignment of error.

{¶ 20} Accordingly, appellant's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

KLATT and BRUNNER, JJ., concur.

_____