OPINION
{¶ 1} Plaintiff-appellant, Cecil Bowman ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas, in which that court granted summary judgment in favor of defendant-appellee, Thomas M. Tyack ("appellee"), on appellant's claim for legal malpractice. *Page 2 
 {¶ 2} The following facts of record are undisputed. Formerly, appellee represented appellant in post-decree litigation in the Franklin County Court of Common Pleas, Division of Domestic Relations ("domestic relations court"). In the course of that representation, appellant and his ex-wife came to a settlement agreement regarding child support in 2000. The parties entered into a memorandum of agreement, while at court, in which they agreed that appellant's child support obligation would be suspended. Later, in 2004, upon the suggestion from opposing counsel that appellee might have a conflict of interest, appellee terminated his attorney-client relationship with appellant in the fall of 2004.
 {¶ 3} Thereafter, appellant engaged new counsel and, on November 22, 2004, appellant appeared at a hearing in his domestic relations case with his new attorney. At that hearing, appellant learned that no journal entry memorializing the 2000 memorandum of agreement had ever been journalized. He further learned that, as a result of this omission, his child support obligation had never been suspended and a significant arrearage had accrued, which the Franklin County Child Support Enforcement Agency had been liquidating since 2004, by way of deductions from appellant's social security disability checks.
 {¶ 4} Shortly after becoming aware of these facts, appellant filed a grievance against appellee with the Columbus Bar Association ("CBA"), predicated on appellee's alleged failure to ensure that an entry was journalized suspending appellant's child support obligation. On February 16, 2005, the CBA responded by advising appellant that there was not substantial evidence of a violation of the Code of Professional Responsibility sufficient to justify the initiation of a disciplinary proceeding. The CBA *Page 3 
further advised that appellant's remedy would be to consult an attorney regarding a civil action against appellee.
 {¶ 5} On April 25, 2005, appellant filed a motion for relief from judgment in the domestic relations court, pursuant to Civ. R. 60(B), seeking relief from his child support arrearages due to excusable neglect on the part of appellee. Specifically, he sought reinstatement of the 2000 memorandum of agreement, with a retroactively deviated child support order of $0, beginning December 1, 1997, and return of all funds deducted to liquidate the arrearage. In his Civ. R. 60(B) motion, appellant alleged that he did not become aware of appellee's failure to ensure that the memorandum of agreement had been journalized until November 2004. By judgment entry journalized September 13, 2005, the domestic relations court granted appellant's Civ. R. 60(B) motion in part and denied it in part. The court granted appellant all of the relief he sought, except that it did not order appellant's ex-wife to return the funds deducted to liquidate the arrearage because, it determined, laches applied as an equitable bar to such relief.
 {¶ 6} On September 12, 2006, appellant instituted the present action for legal malpractice against appellee. On May 9, 2008, appellee filed a motion for summary judgment, which the trial court granted by decision and entry on August 21, 2008. The court concluded that appellant's cause of action was barred by the applicable one-year limitation period in R.C. 2305.11(A). The court found that appellant's cause of action accrued in November 2004, when appellant learned that he had been injured and that such injury was related to appellee's failure to act. Therefore, his cause of action was time-barred because he instituted it more than one year after that November 2004 hearing. *Page 4 
 {¶ 7} Appellant timely appealed and advances a single assignment of error:
 The Trial Court erred in it's [sic] determination and judgment that under R.C. 2305.11(A), a cognizable event which begins the statute of limitations occurred prior to September 13, 2005.
 {¶ 8} We review the trial court's grant of summary judgment de novo.Coventry Twp. v. Ecker (1995), 101 Ohio App.3d 38. Summary judgment is proper only when the party moving for summary judgment demonstrates: (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, when the evidence is construed in a light most favorable to the nonmoving party. Civ. R. 56(C); State ex rel. Grady v. State Emp. Relations Bd.,78 Ohio St.3d 181, 183, 1997-Ohio-221.
 {¶ 9} Section 2305.11(A) of the Ohio Revised Code provides that a legal malpractice claim must be commenced within one year following the date upon which the cause of action accrued. Asente v. Gargano, 10th Dist. No. 04AP-278, 2004-Ohio-5069, ¶ 11, discretionary appeal not allowed, 105 Ohio St.3d 1439, 2005-Ohio-531. In Zimmie v. Calfee, Halter Griswold (1989), 43 Ohio St.3d 54, the Supreme Court of Ohio established the following two-part test to determine when a claim for legal malpractice accrues:
 Under R.C. 2305.11(A), an action for legal malpractice accrues and the statute of limitations begins to run when there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue his possible remedies against the attorney or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later. *Page 5 
Id. at syllabus.
 {¶ 10} The trial court in this case determined that, on the evidence presented, the cognizable event had occurred (and, thus, appellant's claim had accrued) more than one year prior to the date appellant commenced her action, and that there existed no material issue as to this fact. The determination of the date of accrual of a cause of action for legal malpractice is a question of law that is reviewed de novo on appeal. Ruckman v. Zacks Law Group, 10th Dist. No. 07AP-723,2008-Ohio-1108, ¶ 17.
 {¶ 11} With little discussion and no citation to authority for the proposition, appellant argues that the cognizable event that triggered the accrual of his cause of action was the domestic relations court's granting of his motion for relief from judgment. Alternatively, and again with no citation to authority, he argues that we should apply the equitable doctrine of laches to find his claim timely filed.[1]
 {¶ 12} As we explained in Asente, supra, at ¶ 14:
 A "cognizable event" is an event sufficient to alert a reasonable person that his attorney has committed an improper act in the course of legal representation. As this court has noted, the focus should be on what the client was aware of and not an extrinsic judicial determination. The "cognizable event" puts the plaintiff on notice to investigate the facts and circumstances relevant to his or her claim in order to pursue remedies, and the plaintiff need not have discovered all of the relevant facts necessary to file a claim in order to trigger the statute of limitations. The injured person need not be aware of the full extent of the injury before there is a cognizable event. Rather, it is enough that some noteworthy event, the cognizable event, has occurred that does or should alert a reasonable person that a questionable legal practice may have occurred. A client is also not *Page 6 
permitted to exhaust all appellate remedies before the statute of limitations commences.
(Citations omitted.)
 {¶ 13} Upon our de novo review, we agree with the trial court that the cognizable event that triggered the accrual of appellant's cause of action was the November 2004 hearing in which he learned that he had a large child support arrearage that might have been caused by appellee's failure to act in accordance with his contractual and professional obligations to appellant. This put appellant on notice that he had been injured and that such injury might be causally linked to appellant having fallen below the requisite standard of care. Because his cause of action accrued more than one year prior to the date upon which he commenced his action for legal malpractice, his cause of action is time-barred. Accordingly, the trial court correctly granted summary judgment in favor of appellee.
 {¶ 14} For the foregoing reasons, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
FRENCH, P.J., and KLATT, J., concur.
[1] Laches is an equitable defense "by which a court denies relief to a claimant." Blacks Law Dictionary (8th Ed. 2004). It is not used to aid a claimant in pursuit of his claims. *Page 1