[Cite as *Felix v. Gerth Law Offices, L.L.C.*, 2018-Ohio-3133.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Dorothy and Austin Felix, | : | |
| Plaintiffs-Appellants, | : | No. 17AP-533 |
| | | (C.P.C. No. 16CV-6553) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| Gerth Law Offices, LLC et al., | : | |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on August 7, 2018

**On brief**: *Breen Law*, and *John E. Breen*, for appellants. **Argued**: *John E. Breen*.

**On brief**: *Anspach Meeks Ellenberger LLP*, *John C. Nemeth*, and *David A. Herd*, for appellees. **Argued**: *David A. Herd*.

APPEAL from the Franklin County Court of Common Pleas

BROWN, P.J.

{¶ 1} This is an appeal by plaintiffs-appellants, Dorothy and Austin Felix, from a decision and entry of the Franklin County Court of Common Pleas granting summary judgment in favor of defendants-appellees Gerth Law Office, LLC, and Phillip W. Gerth (individually "attorney Gerth"), on appellants' claim for legal malpractice.

{¶ 2} The following background facts, which are essentially undisputed, are drawn primarily from the trial court's summary judgment decision. On October 31, 2014, appellants entered into an attorney-client retainer agreement with appellees whereby appellees agreed to provide legal representation regarding a potential bankruptcy filing. On January 2, 2015, appellants filed for Chapter 7 bankruptcy, claiming a homestead exemption for their Ohio property. On March 7, 2015, a bankruptcy trustee filed an

exemption objection.  On March 31, 2015, appellants filed a response to the objection. The trustee subsequently discovered the IRS had recorded tax liens on the Ohio property in the wrong county; further, because the lender on that property had released its interest, there were no valid liens on the property.  Attorney Gerth notified appellants of this discovery via a telephone call made prior to filing appellees' motion to withdraw as counsel in the bankruptcy case.

{¶ 3}    Appellants failed to pay appellees pursuant to the retainer agreement.  On May 15, 2015, appellees notified appellants that legal representation would be terminated if payment was not received.  On June 3, 2015, attorney Gerth sent a letter to appellants via e-mail and U.S. mail, notifying them that the attorney-client agreement had "reached its termination." Also on that date, appellees filed a motion to withdraw in the bankruptcy case.  On July 16, 2015, the bankruptcy court entered an order granting the motion for withdrawal of appellants' counsel.

{¶ 4}    On July 13, 2016, appellants filed a complaint against appellees for legal malpractice.  The complaint included allegations that the representation between the parties ceased on or about July 16, 2015.

{¶ 5}    On April 7, 2017, appellees filed a motion for summary judgment alleging in part that appellants' legal malpractice claim was barred by the applicable statute of limitations.  On April 24, 2017, appellants filed a memorandum contra the motion for summary judgment.  On June 19, 2017, appellants filed a motion for leave to file an amended complaint.  On June 27, 2017, the trial court filed a decision and entry granting summary judgment in favor of appellees, finding appellants' claim was barred by the statute of limitations.

{¶ 6}    On appeal, appellants set forth the following two assignments of error for this court's review:

> [I.] THE LOWER COURT ERRED IN GRANTING SUMMARY JUDGMENT WHEN PLAINTIFFS' CLAIMS ARE NOT TIME BARRED AS A MATTER OF LAW.
>
> [II.] THE LOWER COURT ERRED IN GRANTING SUMMARY JUDGMENT AND DISMISSING THE ENTIRE CASE WHEN A MOTION TO AMEND THE COMPLAINT WAS PENDING BEFORE THE COURT AND NOT RULED UPON.

{¶ 7} Under the first assignment of error, appellants contend the trial court erred in granting summary judgment in favor of appellees based on its determination that the legal malpractice claim was filed more than one year after the termination of the attorney-client relationship. Specifically, appellants argue the trial court erred in holding that the termination date of the attorney-client relationship was June 3, 2015, the date on which attorney Gerth sent a letter to appellants, via e-mail and U.S. mail, advising that appellees were withdrawing from representation. Appellants maintain that the attorney-client relationship did not terminate until the federal bankruptcy court filed an entry July 16, 2015, permitting counsel to withdraw in the bankruptcy proceeding.

{¶ 8} This court's review of a trial court's decision on summary judgment is de novo. *Bonacorsi v. Wheeling & Lake Erie Ry. Co.,* 95 Ohio St.3d 314, 2002-Ohio-2220, ¶ 24. Pursuant to Civ.R. 56(C) "summary judgment shall be granted when the filings in the action, including depositions and affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Id.*

{¶ 9} R.C. 2305.11(A) states in part that "an action for malpractice * * * shall be commenced within one year after the cause of action accrued." In *Zimmie v. Calfee,* 43 Ohio St.3d 54 (1989), paragraph one of the syllabus, the Supreme Court of Ohio held:

> Under R.C. 2305.11(A), an action for legal malpractice accrues and the statute of limitations begins to run when there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue his possible remedies against the attorney or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later.

{¶ 10} Thus, under Ohio law, in order to determine whether the statute of limitations bars a legal malpractice claim, a court "must make two factual determinations: '(1) When should the client have known that he or she may have an injury caused by his or her attorney? and (2) When did the attorney-client relationship terminate? The latter of these two dates is the date that starts the running of the statute of limitations.' " *Virginia Homes, Ltd. v. Goldman*, 10th Dist. No. 13AP-1012, 2014-Ohio-1750, ¶ 19.

{¶ 11} In the present case, the trial court initially addressed the issue as to when the cognizable event occurred whereby appellants knew or should have known of an

injury caused by appellees. The court held that a telephone call by counsel to appellants, occurring sometime prior to June 3, 2015 during which counsel notified appellants there were no valid liens on the subject property "was sufficient notice to investigate the facts and circumstances relevant to their claim." On appeal, appellants do not challenge the trial court's determination as to the cognizable event.

{¶ 12} Rather, as noted, appellants assert the trial court erred in its determination regarding the termination date of the attorney-client relationship. Appellants maintain that, pursuant to a local rule of the federal bankruptcy court (Local Bankruptcy Rule 2091-1), appellees were required to obtain permission from the bankruptcy court prior to withdrawing from representation.[1] Appellants contend that, because the local bankruptcy rule obligated appellees to continue to provide representation until the federal bankruptcy court granted the motion to withdraw on July 16, 2015, the attorney-client relationship did not terminate until that date.[2] We disagree.

{¶ 13} In general, "the attorney-client relationship is consensual, subject to termination by the acts of either party." *Axline v. Kevin R. Connors, LLC,* 10th Dist. No. 14AP-924, 2015-Ohio-4679, ¶ 14, citing *Boggs v. Baum*, 10th Dist. No. 10AP-864, 2011-Ohio-2489, ¶ 19. In order to "determine whether an attorney-client relationship has ended, ' "courts look for a discrete act (or acts) by either party that signals the severing of their relationship." ' " *Id.,* citing *Cotterman v. Arnebeck*, 10th Dist. No. 11AP-687, 2012-Ohio-4302, ¶ 16, quoting *Woodrow v. Heintschel*, 194 Ohio App.3d 391, 2011-Ohio-1840, ¶ 43 (6th Dist.). In this respect, "[s]uch acts include one party sending the other a letter stating that the attorney-client relationship is over, as well as the client's retention of another attorney for representation in the same matter for which the client had retained previous counsel." *Id.,* citing *Nichter v. Shamansky*, 10th Dist. No. 14AP-811, 2015-Ohio-1970, ¶ 19-20; *Burzynski v. Bradley & Bradley & Farris Co., L.P.A.*, 10th Dist. No. 01AP-782 (Dec. 31, 2001).

---

[1] Local Bankruptcy Rule 2091-1(a)(2) for the Southern District of Ohio addresses attorney withdrawal in a bankruptcy case and states in part that withdrawal without a client's signature shall be permitted "[u]pon written motion for substitution or withdrawal served upon the client, a showing of good cause and upon such terms as the court shall impose."

[2] Appellants also rely in part on Prof.Cond.R. 1.16(c) which states: "If permission for withdrawal from employment is required by the rules of a *tribunal*, a lawyer shall not withdraw from employment in a proceeding before that *tribunal* without its permission." (Emphasis sic.)

{¶ 14} The Supreme Court has made clear that "[f]or purposes of R.C. 2305.11, the termination of an attorney-client relationship is not controlled by local rules of court." *Smith v. Conley,* 109 Ohio St.3d 141, 2006-Ohio-2035, ¶ 9. Rather, "[t]he date of termination of an attorney-client relationship for R.C. 2305.11 purposes is a fact-specific determination to be made according to the rules set forth by statute and by case law." *Id.* at ¶ 12. Thus, while attorneys "are required to follow local rules and must file the appropriate motion with a court to withdraw from representation, * * * the date of termination of the attorney-client relationship for purposes of R.C. 2305.11 is determined by the actions of the parties." *Id.*

{¶ 15} Ohio appellate courts have made similar pronouncements. *See*, *e.g.*, *Duvall v. Manning,* 11th Dist. No. 2010-L-069, 2011-Ohio-2587, ¶ 32-33 (applying holding in *Conley* and rejecting argument that statute of limitations did not begin to run until date on which trial court granted motion to withdraw; in considering the conduct of the parties, the attorney-client relationship ended earlier when attorney sent letter signaling the termination of the relationship); *Wozniak v. Tonidandel,* 121 Ohio App.3d 221, 227 (8th Dist.1997) ("in a statute of limitations context the conduct of an attorney can terminate an attorney-client relationship prior to the filing of the notice of withdrawal"); *Heintschel* at ¶ 47 (holding that "the termination test for identifying when the relationship is severed focuses on affirmative conduct *by the parties* – the attorney or the client," and "[p]lainly the court is not a party"). (Emphasis sic.)

{¶ 16} In the present case, we find no error by the trial court in its determination that, based on the actions of the parties, the termination date of the attorney-client relationship was June 3, 2015, i.e., the date attorney Gerth sent a letter to appellants notifying them that attorney Gerth and the law firm were withdrawing from representation. In that letter, attorney Gerth stated in part: "I am withdrawing any offer to further assist you in this matter. I consider the attorney-client agreement to have reached its termination." We further note that, following the notification provided by appellees, the parties "acted as if the attorney-client relationship had ended." *Triplett v. Benton,* 10th Dist. No. 03AP-342, 2003-Ohio-5583, ¶ 16. As noted under the facts, on the same date the letter was sent to appellants, appellees filed with the bankruptcy court the motion to withdraw from representation. Further, in the order of the bankruptcy court

sustaining the trustee's objection to the homestead objection, the federal court cited the fact that, following appellees' motion to withdraw, appellants retained "their second bankruptcy counsel, Harry Wright, IV," who "filed an appearance on July 1, 2015."

{¶ 17} Appellants' contention that the trial court erred in granting summary judgment because the attorney-client relationship did not terminate prior to the bankruptcy court's entry granting the motion to withdraw is inconsistent with Ohio law which, as noted, focuses on the conduct of the parties as opposed to a trial court ruling. *See Duvall* at ¶ 36 (interpretation urged by appellants "that the statute of limitations begins to run only when the court grants an attorney's motion to withdraw, directly conflicts with the holding of the Supreme Court of Ohio in *Conley*"). Similarly, appellants' reliance on provisions of the Ohio Code of Professional Responsibility to argue for tolling of the limitations period is unpersuasive. *See Heintschel* at ¶ 46 (noting that appellants cite "no authority holding that attorney compliance [with the Code of Professional Responsibility] is necessary before the statute of limitations can begin to run," and observing that the Supreme Court "has elsewhere implied that neither the disciplinary rules of the Code nor local court rules control the question of when the attorney-client relationship terminates").

{¶ 18} Having found the trial court did not err in its determination that appellees' letter and e-mail of June 3, 2015 constituted the termination date of the attorney-client relationship, we further conclude the trial court did not err in granting summary judgment in favor of appellees on grounds the legal malpractice action was barred by the one-year statute of limitations. Accordingly, appellants' first assignment of error is not well-taken and is overruled.

{¶ 19} Under the second assignment of error, appellants contend the trial court erred in granting summary judgment and dismissing the entire case when a motion to amend the complaint was pending before the court and not ruled upon. Appellants rely on Ohio case law for the proposition that leave to amend a complaint should be freely granted when justice requires. *See, e.g., Siegel v. Lifecenter Organ Donor Network,* 1st Dist. No. C-100777, 2011-Ohio-6031, ¶ 51 ("Civ.R. 15(A) provides that a party may amend its pleading by leave of court and that such leave 'shall be freely granted when justice so requires.' ").

{¶ 20} The record indicates appellants filed a motion for leave to file an amended complaint on June 19, 2017, asserting that appellees, in their motion and memoranda filed with the trial court, "have now admitted to violations of the Ohio Code of Professional Responsibility and Local Rules of the United States Bankruptcy Court, giving rise to new, additional and serious allegations of legal malpractice by defendants."　In their accompanying memorandum in support, appellants argued that appellees' assertions that they did not provide legal representation after June 3, 2015 constituted conduct in violation of the local rules of the federal bankruptcy court and the Ohio Code of Professional Responsibility regarding the withdrawal of representation from a case.

{¶ 21} While appellants contend the trial court failed to rule on the motion for leave, we note the "Court Disposition" sheet, attached to the trial court's decision and entry granting summary judgment in favor of appellees, references the "motion for leave" and indicates, under "[d]isposition," that the motion was "released" to clear the docket. Thus, although the motion for leave was not specifically addressed in the body of the trial court's summary judgment decision, the court essentially denied the motion based on its determination that the statute of limitations had expired.　In light of our disposition of the first assignment of error, finding the trial court did not err in granting summary judgment in favor of appellees on the basis that appellants' claim was barred by the statute of limitations, the issue raised under the second assignment of error is rendered moot.

{¶ 22} Based on the foregoing, appellants' first assignment of error is overruled, appellants' second assignment of error is rendered moot, and the judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of appellees is hereby affirmed.

*Judgment affirmed.*

KLATT and HORTON, JJ., concur.

_____