[Cite as *Tchankpa v. Gauer*, 2024-Ohio-225.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Kassi E. Tchankpa, | : | |
| Plaintiff-Appellant, | : | No. 23AP-275 (C.P.C. No. 22CV-9055) |
| v. | : | (ACCELERATED CALENDAR) |
| Philip J. Gauer et al., | : | |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on January 23, 2024

**On brief:** *Kassi E. Tchankpa*, pro se.

**On brief:** *Philip J. Gauer, Attorney at Law, LLC*, and *Philip J. Gauer* for appellees.

APPEAL from the Franklin County Court of Common Pleas

MENTEL, P.J.

{¶ 1} Plaintiff-appellant, Kassi E. Tchankpa, appeals from an April 28, 2023 decision and entry granting the motion to dismiss of defendants-appellees, Philip J. Gauer and Philip J. Gauer, Attorney at Law, LLC. For the reasons that follow, we affirm.

**I. FACTS AND PROCEDURAL HISTORY**

{¶ 2} This case concerns the calculation of the statute of limitations in a legal malpractice claim.

{¶ 3} On December 29, 2022, appellant filed his complaint against appellee, Philip J. Gauer, Attorney at Law, LLC, asserting causes of action for breach of contract, breach of implied duty of good faith and fair dealing, unjust enrichment, falsification, and fraudulent misrepresentation. On January 31, 2023, Philip J. Gauer, Attorney at Law, LLC filed a motion to dismiss, pursuant to Civ.R. 12(B)(6), arguing that appellant's complaint

should be dismissed as the one-year statute of limitations for legal malpractice under R.C. 2305.11 had expired.  On February 6, 2023, appellant filed a motion for leave to file an amended complaint adding Philip J. Gauer, individually, as a defendant in the case. Appellant attached the proposed amended complaint as an exhibit.  On February 6, 2023, the trial court granted appellant's motion and the amended complaint was deemed filed as of the date of the entry.  The trial court denied the initial motion to dismiss as moot.

{¶ 4}   According to the amended complaint, appellant spoke with Gauer on August 15, 2020 regarding potential legal representation concerning his "workers' compensation temporary total disability * * * and continuing jurisdiction hearing before the Ohio Industrial Commission."  (Emphasis deleted.)  (Feb. 6, 2023 Am. Compl. at ¶ 4.)  On or about August 20, 2020, appellant emailed various documents to Gauer for his review to determine whether he would represent appellant in the case.  (Am. Compl. at ¶ 5.)  On or about August 24, 2020, Gauer agreed to represent appellant at an hourly rate of $250 per hour with a required retainer of $2,500.  (Am. Compl. at ¶ 6.)  The parties would subsequently agree to a reduced rate of $200 per hour.  (Am. Compl. at ¶ 6.)  According to appellant, the $2,500 retainer was deposited on September 14, 2020.  (Am. Comp. at ¶ 9.)

{¶ 5}   On or about September 15, 2020, Gauer emailed appellant, "Notice of Withdrawal from Representation."  (Emphasis deleted.)  (Am. Compl. at ¶ 11.) Appellant alleged, "Gauer was terminating the contract or withdrawing from representation because Plaintiff did not refile his complaint in the Franklin County Common Pleas Court within one year after Plaintiff voluntarily dismissed his complaint and, for that reason, Gauer stated that 'I believe there is no basis to invoke the continuing jurisdiction of the Industrial Commission.' "  (Emphasis deleted.)  (Am. Compl. at ¶ 13.)  Gauer withheld $600 from the $2,500 retainer and returned the remaining funds to appellant.  (Am. Compl. at ¶ 11.)  On September 17, 2020, appellant emailed Gauer and requested a full refund of the $2,500 retainer.  (Am. Comp. at ¶ 12.)  Appellant ultimately elected to pursue a workers' compensation claim with this court.  According to appellant, "[this court] ruled unanimously on February 8, 2022, that Plaintiff has a basis to invoke the continuing jurisdiction of the Industrial Commission, * * * [t]he ruling is contrary to the reason that

Gauer gave to terminate the Hourly Fee Agreement." (Emphasis deleted.) (Am. Compl. at ¶ 15.)

{¶ 6} On February 14, 2023, appellees filed a motion to dismiss the amended complaint, pursuant to Civ.R. 12(B)(6), arguing that appellant's claims were barred under the one-year statute of limitations for legal malpractice. On February 23, 2023, appellant filed a memorandum of opposition arguing that his amended complaint was not time barred as he was not aware of the questionable legal practice until February 8, 2022 when this court issued its decision in *State ex rel. Kassi Tchankpa v. Indus. Comm. of Ohio*, 10th Dist. No. 20AP-259 (Memorandum decision.) ("*Tchankpa I*"). A reply brief was filed on February 24, 2023.

{¶ 7} On April 28, 2023, the trial court issued its decision and entry granting appellees' motion to dismiss. The trial court concluded that because the cognizable event occurred on September 17, 2020, appellant's December 29, 2022 complaint was filed beyond the one-year statute of limitations. The trial court also concluded that the legal malpractice action was the legal underpinning for all of appellant's other causes of action against appellees.

{¶ 8} Appellant filed a notice of appeal on May 3, 2023.

## II. ASSIGNMENTS OF ERROR

{¶ 9} Appellant assigns the following as trial court error:

> [I.] THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S CASE BY RELYING ON OR CONSIDERING APPELLANT'S ORIGINAL COMPLAINT FILED ON DECEMBER 29, 2022, INSTEAD OF APPELLANT'S AMENDED COMPLAINT FILED ON FEBRUARY 6, 2023.
>
> [II.] THE TRIAL COURT ERRED IN APPLYING THE ONE-YEAR STATUTE OF LIMITATIONS, PURSUANT TO R.C. 2305.11(A), TO APPELLANT'S LEGAL MALPRACTICE CLAIM AND APPELLANT'S OTHER CLAIMS AGAINST APPELLEES.

## III. LEGAL ANALYSIS

### A. Appellant's Second Assignment of Error

{¶ 10} For ease of discussion, we will address appellant's assignments of error out of order.

**{¶ 11}** In appellant's second assignment of error, appellant argues that the trial court erred when it applied the statute of limitations for legal malpractice to his other causes of action against appellees. Appellant also contends that the trial court erred by granting appellees' Civ.R. 12(B)(6) motion as he did not discover that the legal malpractice occurred until this court's ruling in *Tchankpa I*.

**{¶ 12}** A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted is a procedural test of a civil complaint's sufficiency. *Jabr v. Columbus*, 10th Dist. No. 23AP-182, 2023-Ohio-2781, ¶ 19, citing *Cool v. Frenchko*, 10th Dist. No. 21AP-4, 2022-Ohio-3747, ¶ 13, citing *Morrow v. Reminger & Reminger Co. LPA*, 183 Ohio App.3d 40, 2009-Ohio-2665, ¶ 7 (10th Dist.). When considering whether a grant of a Civ.R. 12(B)(6) motion is appropriate, a trial court must presume that all factual claims in the complaint are true and make all reasonable inferences in the plaintiff's favor. *Hillman v. Watkins*, 10th Dist. No. 22AP-468, 2023-Ohio-2594, ¶ 33, citing *Volbers-Klarich v. Middletown Mgt., Inc.*, 125 Ohio St.3d 494, 2010-Ohio-2057, ¶ 11.

**{¶ 13}** A Civ.R. 12(B)(6) motion to dismiss should be granted when it "appears beyond a doubt that the plaintiff can prove no set of facts entitling the plaintiff to recovery." *Bullard v. McDonald's*, 10th Dist. No. 20AP-374, 2021-Ohio-1505, ¶ 11. However, the court need not accept as true unsupported and conclusory legal propositions alleged in the complaint. *Lane v. U.S. Bank N.A.*, 10th Dist. No. 22AP-358, 2023-Ohio-1552, ¶ 23, citing *Morrow* at ¶ 7. "A party may assert a statute of limitations defense through a Civ.R. 12(B)(6) motion to dismiss if the defense is apparent in the complaint." *Mason v. Bowman*, 10th Dist. No. 09AP-995, 2010-Ohio-2325, ¶ 8, citing *Charles v. Conrad*, 10th Dist. No. 05AP-410, 2005-Ohio-6106, ¶ 24. A Civ.R. 12(B)(6) motion to dismiss is appropriate when the allegations asserted in the complaint, as viewed with all reasonable inferences in favor of the nonmoving plaintiff, reflect that the claim is beyond the statute of limitations. *Gore v. Mohamod*, 10th Dist. No. 21AP-526, 2022-Ohio-2227, ¶ 14. An appellate court reviews a trial court's grant of a motion to dismiss, pursuant to Civ.R. 12(B)(6), under a de novo standard of review. *Hillman* at ¶ 33, citing *Lunsford v. Sterilite of Ohio, L.L.C.*, 162 Ohio St.3d 231, 2020-Ohio-4193, ¶ 22.

### 1. Causes of Action

{¶ 14} In the amended complaint, appellant alleges five causes of action against Gauer: breach of contract, breach of implied duty of good faith and fair dealing, unjust enrichment, fraudulent misrepresentation, and falsification. Appellant also alleges a sixth claim for vicarious liability titled, "Count One through Five Against Gauerlaw." (Am. Compl. at 6.)

{¶ 15} A cause of action will be subsumed into a malpractice action if the factual basis for it arises from the manner in which an attorney represented a client. *Creech v. Gaba*, 10th Dist. No. 15AP-1100, 2017-Ohio-195, ¶ 10, citing *Dottore v. Vorys, Sater, Seymour & Pease, L.L.P.*, 8th Dist. No. 98861, 2014-Ohio-25, ¶ 33-35. "A party cannot transform one cause of action into another through clever pleading or an alternate theory of law in order to avail itself of a more satisfactory [legal status]." *Callaway v. Nu-Cor Auto. Corp.*, 166 Ohio App.3d 56, 2006-Ohio-1343, ¶ 14 (10th Dist.). As such, regardless of whether the cause of action is based in contract or tort law, an action against an attorney for damages that resulted from the attorney's representation of the client constitutes legal malpractice under R.C. 2305.11.

{¶ 16} The substance of appellant's amended complaint concerns (1) the manner of Gauer's representation of appellant regarding the continuing jurisdiction of the Industrial Commission, and (2) Gauer's withdrawal from appellant's case while retaining $600 of the attorney fees. Upon review, we agree with the trial court's determination that appellant's claims are subsumed within the legal malpractice cause of action as they arise from Gauer's legal representation in the course of the attorney-client relationship. This court has reached a similar result in other cases finding the billing practices of an attorney are subsumed within a legal malpractice claim. *See, e.g., Nichter v. Shamansky*, 10th Dist. No. 14AP-811, 2015-Ohio-1970, ¶ 24 (concluding the client's claim of overbilling and refusing to refund a percentage of the retainer paid to the attorney arose from the attorney's representation of the client as part of the attorney-client relationship, and, consequently, the trial court properly found that the causes of action fell within the legal malpractice claim); *Triplett v. Benton*, 10th Dist. No. 03AP-342, 2003-Ohio-5583, ¶ 7. The question becomes whether appellant's cause of action for legal malpractice was brought within the one-year statute of limitations.

### 2. R.C. 2305.11: Legal Malpractice Statute of Limitations

{¶ 17} The statute of limitations for a legal malpractice claim is governed by R.C. 2305.11(A), which provides "an action for legal malpractice against an attorney or a law firm or legal professional association * * * shall be commenced within one year after the cause of action accrued." The statute of limitations commences on the latter of two dates: (1) when the attorney-client relationship terminates or (2) when there is a " 'cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue his possible remedies against the attorney.' " *Jackson v. Greger*, 110 Ohio St.3d 488, 2006-Ohio-4968, ¶ 18, quoting *Zimmie v. Calfee, Halter & Griswold*, 43 Ohio St.3d 54 (1989), syllabus, citing R.C. 2305.11(A). A reviewing court must make two factual determinations: "(1) when the client knew or should have known that he may have an injury caused by his attorney; and (2) when the attorney-client relationship terminated." *Starner v. Onda*, 10th Dist. No. 22AP-599, 2023-Ohio-1955, ¶ 25, citing *Smith v. Conley*, 109 Ohio St.3d 141, 2006-Ohio-2035, ¶ 4.

{¶ 18} When resolving when the attorney-client relationship has concluded, courts look for an affirmative act by either party that demonstrates that the relationship has severed. *Starner* at ¶ 31, citing *Felix v. Gerth Law Office, L.L.C.*, 10th Dist. No. 17AP-533, 2018-Ohio-3133, ¶ 13. An explicit statement terminating the attorney-client relationship is not required. *Starner* at ¶ 31, citing *Nichter* at ¶ 12. Here, there is no dispute among the parties that Gauer terminated the attorney-client relationship through his September 15, 2020 letter to appellant. (Am. Compl., Ex. at 18-19.) Appellant became aware of the notice of withdrawal no later than September 17, 2020 as evidenced by appellant's email message requesting a full refund of the $2,500 retainer. Having determined the date when the attorney-client relationship terminated, we move on the second question of when the cognizable event took place.

{¶ 19} This court has defined a "cognizable event" as an "occurrence that alerts or should alert a client that [a] questionable legal practice may have occurred." (Internal quotation omitted.) *Starner* at ¶ 26, quoting *Fisk v. Rauser & Assocs. Legal Clinic Co., L.L.C.*, 10th Dist. No. 10AP-427, 2011-Ohio-5465, ¶ 23, quoting *Zimmie* at 58. When determining when a cognizable event took place, a reviewing court should focus on the

point when the client realized, or should have realized, that a questionable legal practice may have taken place. *Smith v. Barclay*, 10th Dist. No. 11AP-798, 2012-Ohio-5086, ¶ 24; *see also Asente v. Gargano*, 10th Dist. No. 04AP-278, 2004-Ohio-5069, ¶ 14 ("[a] 'cognizable event' is an event sufficient to alert a reasonable person that his attorney has committed an improper act in the course of legal representation."). To be sure, the client does not need to be aware of the full extent of the harm. *Harris v. Reedus*, 10th Dist. No. 15AP-181, 2015-Ohio-4962, ¶ 15. The "cognizable event" merely puts the client on notice to investigate potential legal malpractice claim. *Id.*

{¶ 20} Appellant argues that he did not know of the questionable legal practice until this court's decision in *Tchankpa I*, which was "contrary to the reason that Gauer gave to terminate the Hourly Fee Agreement." (Emphasis deleted.) (Am. Compl. at ¶ 15.) Appellant relies on the Supreme Court of Ohio's decision in *Smith*, 2006-Ohio-2035, and like cases, for the proposition that "a plaintiff's conviction was the cognizable event that triggered the statute of limitations for legal malpractice." (Emphasis deleted.) (Appellant's Brief at 4.)

{¶ 21} To be sure, appellant is correct that a cognizable event may occur through a legal determination. However, Ohio courts have repeatedly found that an extrinsic judicial determination is not *required* for a cognizable event to take place. "*The focus should be on what the client was aware of and not an extrinsic judicial determination.*" (Emphasis sic.) (Citation omitted.) *Smith* at ¶ 24; *Cotterman v. Arnebeck,* 10th Dist. No. 11AP-687, 2012-Ohio-4302, ¶ 26, citing *Asente* at ¶ 14, citing *McDade v. Spencer*, 75 Ohio App.3d 639, 643 (10th Dist.1991). *See also Bowman v. Tyack*, 10th Dist. No. 08AP-815, 2009-Ohio-1331, ¶ 13 (finding the cognizable event that triggered accrual of appellant's cause of action was the hearing that appellant became aware of the child support arrearage that could have been caused by his counsel's failure to meet his professional obligations and not when the trial court granted a motion for relief from judgment).

{¶ 22} Here, the cognizable event occurred on September 17, 2020 when appellant emailed Gauer requesting a full refund of the $2,500 retainer. In the September 17, 2020 email, provided as an exhibit to the amended complaint, appellant attempted to rebut the jurisdictional claims asserted in Gauer's termination letter. Appellant identified purported deficiencies in counsel's conclusion and referenced relevant caselaw from the Supreme

Court as support for his claims. It is apparent from the email that appellant disagreed with Gauer's legal advice. Appellant wrote:

> [t]he argument that you gave that the appeal in Common Pleas was not refiled had been overridden by the Ohio Supreme Court in a 2020 decision and I provided that information to you. In addition, my motion says nothing about the Common pleas court case because the common pleas court case has nothing to do with the continuing-jurisdiction of the Industrial Commission as the Ohio Supreme Court has always held. A lot of attorneys keep making the same mistake over and over because they do not read the Ohio Supreme Court decisions pertaining to the proper interpretation of the law.

(Sic passim.) (Am. Compl., Ex. F at 1-2.)

{¶ 23} Appellant would go on to pursue his claim despite Gauer's legal advice to the contrary. Therefore, even accepting that appellant did not appreciate that a questionable legal practice might have taken place until our decision in *Tchankpa I*, based on his response and the information available at the time of the termination of the relationship, a reasonable person would have, or should have, been put on notice to investigate a potential legal malpractice claim. *See Mackey v. Luskin*, 8th Dist. No. 88874, 2007-Ohio-5844, ¶ 17 (finding the trial court did not err in granting appellee's motion to dismiss, pursuant to Civ.R. 12(B)(6), as appellant's emphatic claims in prior appeals that counsel was ineffective should have alerted him that a legal malpractice claim may have occurred; not when a conditional writ of habeas corpus was issued). Because both the date of termination and the cognizable event occurred more than one year from the date the complaint was filed, we find no error with the trial court's dismissal of appellant's legal malpractice claim.

{¶ 24} Appellant's second assignment of error is overruled.

### B. Appellant's First Assignment of Error

{¶ 25} In appellant's first assignment of error, he argues that the trial court erred by relying on, or considering, appellant's December 29, 2022 complaint instead of the February 6, 2023 amended complaint.

{¶ 26} We will first address the use of the original complaint's filing date in the statute of limitations calculation. Civ.R. 15 governs amended and supplemental pleadings. Civ.R. 15(C) permits a plaintiff to amend the original complaint if the amendment relates to "the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." "Under Civ. R. 15(C), an amendment changing a party may relate back

to the filing date of the original complaint for purposes of applying the statute of limitations." *Mollette v. Portsmouth City Council*, 179 Ohio App.3d 455, 2008-Ohio-6342, ¶ 37 (4th Dist.). Because the amended complaint in this case related back to the conduct alleged in the original complaint, the trial court was correct to use the original complaint's date in its statute of limitations calculation.

{¶ 27} Concerning the trial court's references to the facts provided in the original complaint, we are unpersuaded that this amounts to reversible error.[1] While appellant is correct that an amended pleading supersedes the original pleading, *see, e.g.*, *Hope Academy Broadway Campus v. White Hat Mgt., LLC*, 10th Dist. No. 20AP-475, 2022-Ohio-178, ¶ 20, the trial court made clear that it granted appellees' February 14, 2023 motion to dismiss appellant's amended complaint as evidenced by the court disposition notice on the final page of the decision. (Apr. 28, 2023 Decision & Entry at 9.) Accordingly, while the trial court cited to the original complaint at points in the decision, it, in fact, considered and ruled on the amended pleading when deciding the case.

{¶ 28} Moreover, the facts alleged in the original and amended complaints are nearly identical. The trial court cited paragraphs 3, 4, 5, 6, 7, 9, 10, 11, and 18 of the appellant's original complaint, which are practically identical to paragraphs 4, 5, 6, 7, 8, 10, 11, 12, and 15 of the amended complaint. Relevant to the statute of limitations calculation, both complaints provide the same information as to the scope of the attorney-client relationship, the date the attorney-client relationship commenced, the particulars of the legal services agreement, the date of termination, and the allegation concerning legal malpractice. Furthermore, all relevant exhibits utilized in the statute of limitations calculation, most notably the September 15, 2020 termination letter and September 17, 2020 email, were provided with both complaints.

{¶ 29} For the above reasons, appellant's first assignment of error is overruled.

---

[1] Appellant appears to acknowledge that the assignment of error might not constitute reversible error in this case. When discussing the first assignment of error, appellant wrote, "[he] respectfully requests that the Court rely on or consider Appellant's Amended Complaint filed on February 6, 2023, to decide this case." (Appellant's Brief at 3.) As this court has utilized the amended complaint in this decision, we see no grounds for reversal under appellant's first assignment of error.

## IV. CONCLUSION

{¶ 30} Having overruled appellant's two assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BOGGS and EDELSTEIN, JJ., concur.

————————————