[Cite as *Habtemariam-Brown v. Christensen*, 2024-Ohio-4464.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Saba Habtemariam-Brown, | : | |
| Plaintiff-Appellant, | : | No. 23AP-517 (C.P.C. No. 21CV-4157) |
| v. | : | (REGULAR CALENDAR) |
| Michael Christ[e]ns[e]n et al., | : | |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on September 10, 2024

**On brief:** *Saba Habtemariam-Brown*, pro se.
**Argued:** *Saba Habtemariam-Brown*.

**On brief**: *Hollern & Associates, Edwin J. Hollern*, for appellee
Michael Christensen.
**Argued:** *Edwin J. Hollern*.

**On brief:** *Kevin W. Popham*, for appellee Mohamed Roble.
**Argued:** *Kevin W. Popham*.

**On brief**: *Gallagher, Gams, Tallan, Barnes & Littrell, LLC,
Laura Plank Founds*, for appellee State Farm Fire & Casualty
Company.
**Argued:** *Laura Plank Founds*.

**On brief**: *Collins, Roche, Utley & Garner, LLC, David W.
Orlandini,* for appellee Nationwide Insurance Company.
**Argued:** *David W. Orlandini*.

APPEAL from the Franklin County Court of Common Pleas

MENTEL, P.J.

{¶ 1} Plaintiff-appellant, Saba Habtemariam-Brown, pro se, appeals from a July 25, 2023 decision and entry, in relevant part, granting the August 4, 2021 motion for

summary judgment of defendant-appellee, Michael Christensen.  For the reasons that follow, we affirm.

## I.  FACTS AND PROCEDURAL HISTORY

{¶ 2}  This case originates from a 2014 automobile accident.  According to the complaint, at or around November 11, 2014, appellant, along with her son, Phillip L. Brown, were involved in an automobile accident with defendant-appellee, Mohamed Roble.  On November 18, 2016, appellant filed a complaint in the Franklin County Court of Common Pleas against defendant-appellees Roble, State Farm Fire & Casualty Company. ("State Farm"), Ohio Department of Job and Family Services ("ODJFS"), and John Doe Tortfeasors (1-2).  *See Habtemariam v. Roble*, Franklin C.P. No. 16CV-11046 (May 3, 2018) ("*Habtemariam I*").  Of note, the complaint was filed by Jeffrey T. Kluesener of Michael D. Christensen Law Offices, LLC.  On May 3, 2018, appellant filed a notice of dismissal, pursuant to Civ.R. 41(A), terminating the case without prejudice.

{¶ 3}  On May 1, 2019, appellant filed a second complaint against Roble, Ohio Department of Medicaid, and John Doe Tortfeasors (1-2).  *Habtemariam v. Roble et al*, Franklin C.P. No. 19CV-3585 (Apr. 15, 2020) ("*Habtemariam II*").  Again, the complaint was filed by Jeffrey T. Kluesener of Michael D. Christensen Law Offices, LLC.  Another attorney at Michael D. Christensen Law Offices, LLC, Amanda Burgess, made subsequent filings on behalf of appellant.  On February 5, 2020, Roble filed a motion to dismiss for failure to prosecute pursuant to Civ.R. 41(B)(1).  On April 15, 2020, the trial court issued a decision and final judgment granting Roble's motion to dismiss.  The trial court expressly provided that the decision constituted a final appealable order.  Appellant failed to appeal the decision to this court.

{¶ 4}  On July 2, 2021, appellant filed a third action against Roble, State Farm, and ODJFS.  *See Habtemariam-Brown et al. v. Christ[e]ns[e]n et al.,* Franklin C.P. No. 21CV-4157 (Sept. 1, 2023) ("*Habtemariam III*").  Appellant also included appellant's son, Phillip L. Brown, as a named plaintiff and defendants-appellants Michael Christensen, individually, and Nationwide Insurance Company ("Nationwide") as defendants in the case.  The complaint asserted the same personal injuries and damages from the 2014 automobile accident that were alleged in the prior complaints.  Appellant also argued that

Christensen committed legal malpractice during the course of his representation in the prior case.

{¶ 5} A series of dispositive motions followed. On August 2, 2021, Roble filed a motion to dismiss. On August 4, 2021, Christensen filed a motion for summary judgment. Also on August 4, 2021, Nationwide filed a motion to dismiss appellant's complaint and crossclaim filed by the Ohio Department of Medicaid. On August 9, 2021, State Farm filed a motion to dismiss the complaint and crossclaim. On September 13, 2021, appellant filed a response to the various motions to dismiss. Christensen filed a reply brief on September 16, 2021. On December 6, 2021, appellant filed a motion for leave to respond to pleadings. On December 7, 2021, Christensen filed a memorandum in opposition to the motion. On April 27, 2022, appellant filed a memorandum in opposition to Christensen's motion for summary judgment. Christensen filed a reply brief on May 13, 2022.

{¶ 6} The trial court held a case conference in this matter on August 1, 2022. According to the July 25, 2023 decision and entry, the trial court indicated that no additional motions should be filed, and appellant, as a pro se litigant, could not represent her son in the case. The trial court also indicated that decisions on the outstanding motions would be rendered and created an amended case schedule. Despite the trial court's directive, appellant filed a motion for summary judgment and directed verdict on February 2, 2023. The parties proceeded to file several competing motions to strike and sanctions.

{¶ 7} On July 25, 2023, the trial court granted the following motions: Roble's August 2, 2021 motion to dismiss; Christensen's August 4, 2021 motion for summary judgment; Nationwide's August 4, 2021 motion to dismiss; and State Farm's August 9, 2021 motion to dismiss. The trial court went on to deny appellant's December 6, 2021 motion for leave to respond to pleadings and her February 2, 2023 motion for summary judgment. Relevant to the instant appeal, the trial court concluded that appellant's complaint was time barred as both the cognizable event and date the attorney-client relationship was terminated fell outside the one-year statute of limitations.

{¶ 8} Appellant filed a timely appeal.

## II. ASSIGNMENT OF ERROR

{¶ 9} Appellant assigns the following as trial court error:

> Saba Habtemariam, Appellant, hereby appeals to the Court of Appeals of Franklin County, Ohio, Tenth Appellate District from the final judgment and order (granting summary judgment in favor of the Defendants entered in this action on July 26, 2023. A true and correct copy of the order is attached herein.

(Sic passim.)

## III. STANDARD OF REVIEW

{¶ 10} A reviewing court considers the trial court's grant of summary judgment de novo, independently reviewing the record and affording no deference to the trial court's decision. *Wright-Patt Credit Union v. Nunley*, 10th Dist. No. 23AP-509, 2024-Ohio-2340, ¶ 7, citing *Premiere Radio Networks, Inc. v. Sandblast, L.P.*, 10th Dist. No. 18AP-736, 2019-Ohio-4015, ¶ 6. Summary judgment is warranted when " 'the moving party demonstrates that: (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion,' " which is adverse to the nonmoving party. *Id.*, quoting *Capella III, L.L.C. v. Wilcox*, 190 Ohio App.3d 133, 2010-Ohio-4746, ¶ 16.

## IV. LEGAL ANALYSIS

### A. Appellant's Sole Assignment of Error

{¶ 11} In appellant's sole assignment of error, she argues the trial court erred in its July 25, 2023 decision and entry by granting summary judgment in favor of Christensen.

### 1. Pro se Litigants

{¶ 12} Before resolving the merits of this appeal, we must address the preliminary issue of whether this appeal was properly filed on behalf of Phillip L. Brown. While the notice of appeal includes Mr. Brown in the case caption, the filing states, "[n]otice is hereby given that Saba Habtemariam-Brown hereby appeals to the Court of Appeals, Tenth Appellate District of Franklin County, Ohio, from the final judgment entry * * * entered on July 2[5], 2023." The substance of the notice indicates that appellant is the only party appealing the July 25, 2023 decision and entry. Despite only listing appellant's name as the sole party to this appeal, she attempts to also bring this appeal on behalf of her son, Mr. Brown. Appellant wrote in the financial disclosure form, "I am representing my son due to ADHD." (Aug. 24, 2023 Fin. Disclosure Form.) Appellant is not a licensed attorney and thus may not represent another party on appeal. " 'Only a licensed attorney may file pleadings on behalf of another party in court.' " *Red Foot Racing Stables v. Polhamus*, 10th

Dist. No. 19AP-390, 2020-Ohio-592, ¶ 9, quoting *State ex rel. Army of the Twelve Monkeys v. Warren Cty. Court of Common Pleas*, 156 Ohio St.3d 346, 2019-Ohio-901, ¶ 5, citing *Disciplinary Counsel v. Givens,* 106 Ohio St.3d 144, 2005-Ohio-4104, ¶ 7. *See* R.C. 4705.01. This court has held, " '[t]he law recognizes that a person has the inherent right to proceed pro se in any court, but that right pertains only to that person. It does not extend to the person's spouse, *child*, or solely owned corporation.' " (Emphasis added.) *Williams v. Griffith*, 10th Dist. No. 09AP-28, 2009-Ohio-4045, ¶ 14, quoting *State v. Block*, 153 Ohio St.3d 271, 2007-Ohio-1979, ¶ 4.

{¶ 13} While we can appreciate appellant's attempt to preserve her son's right to appeal, pro se litigants are not afforded special treatment in this regard. "It is well established that *pro se* litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel." (Emphasis sic.) (Citation omitted.) *State ex rel. Neil v. French*, 153 Ohio St.3d 271, 2018-Ohio-2692, ¶ 10. A pro se litigant is not entitled to special treatment. *Hamid v. Univ. Manors, Ltd.*, 10th Dist. No. 20AP-74, 2021-Ohio-2115, ¶ 15, citing *Rizzo-Lortz v. Erie Ins. Group*, 10th Dist. No. 17AP-623, 2019-Ohio-2133, ¶ 18, citing *In re Application of Black Fork Wind Energy, L.L.C.*, 138 Ohio St.3d 43, 2013-Ohio-5478, ¶ 22. In all civil matters, the same rules and standards are applicable to pro se litigants as those individuals that are represented by counsel. *Fields v. Stange*, 10th Dist. No. 03AP-48, 2004-Ohio-1134, ¶ 7, citing *State ex rel. Fuller v. Mengel*, 100 Ohio St.3d 352, 2003-Ohio-6448, ¶ 10. Thus, as appellant is not a licensed attorney, appellant's appeal of the trial court's decision on behalf of Mr. Brown must be dismissed. *Red Foot Racing Stables* at ¶ 9, citing *Heath v. Teich*, 10th Dist. No. 06AP-1018, 2007-Ohio-2529, ¶ 1.

### 2. Christensen's August 4, 2021 Motion for Summary Judgment

{¶ 14} While the parties have briefed competing arguments as to the nature of Christensen's representation, we need not examine each claim at this time as the issue of whether appellant failed to file her complaint prior to the expiration of the legal malpractice statute of limitations is dispositive.

{¶ 15} R.C. 2305.11(A) governs the statute of limitations for a legal malpractice claim. The statute provides in relevant part, "an action for legal malpractice against an attorney or a law firm or legal professional association * * * shall be commenced within one

year after the cause of action accrued." R.C. 2305.11(A). The Supreme Court of Ohio has found the statute of limitations for legal malpractice commences on the latter of two dates: (1) when the attorney-client relationship terminates or (2) when there is a " 'cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue his possible remedies against the attorney.' " *Jackson v. Greger*, 110 Ohio St.3d 488, 2006-Ohio-4968, ¶ 18, quoting *Zimmie v. Calfee, Halter & Griswold*, 43 Ohio St.3d 54 (1989), syllabus, citing R.C. 2305.11(A). As such, when considering whether the statute of limitations bars a legal malpractice claim, an appellate court must make two factual determinations: " '(1) when the client knew or should have known that [he] may have an injury caused by [his] attorney; and (2) when the attorney-client relationship terminated.' " *Tchankpa v. Gauer*, 10th Dist. No. 23AP-275, 2024-Ohio-225, ¶ 17, quoting *Starner v. Onda*, 10th Dist. No. 22AP-599, 2023-Ohio-1955, ¶ 25, citing *Smith v. Conley*, 109 Ohio St.3d 141, 2006-Ohio-2035, ¶ 4.

{¶ 16} To determine when the attorney-client relationship concluded, reviewing courts look for an act by either party that indicates the relationship has severed. *Starner* at ¶ 31, citing *Felix v. Gerth Law Office, L.L.C.*, 10th Dist. No. 17AP-533, 2018-Ohio-3133, ¶ 13. "An explicit statement terminating the attorney-client relationship is not necessary." *Starner* at ¶ 31, citing *Nichter v. Shamansky*, 10th Dist. No. 14AP-811, 2015-Ohio-1970, ¶ 12. In *Habtemariam II*, the trial court dismissed appellant's complaint for failure to prosecute on April 15, 2020. Christensen states in his affidavit that "the attorney-client relationship between [appellant] and [Mr. Brown] and Michael D. Christensen and Michael D. Christensen Law Offices LLC terminated on May 15, 2020, when the appeal time ran on the April 15, 2020, Final Judgment Entry." (Aug. 4, 2021 Aff.) Appellant has provided no evidence to combat this claim and primarily focuses her argument on substantive allegations of malpractice against Christensen. As such, May 15, 2020 will provide the date of termination for the attorney-client relationship.

{¶ 17} Having determined the date the attorney-client relationship was terminated, we next consider when the cognizable event took place. This court has defined a "cognizable event" as an "occurrence that alerts or should alert a client that [a] questionable legal practice may have occurred." (Internal quotation omitted.) *Starner* at ¶ 26. A reviewing court should focus on the point when the client realized, or should have realized, that a

questionable legal practice may have taken place. *Smith v. Barclay*, 10th Dist. No. 11AP-798, 2012-Ohio-5086, ¶ 24. The client does not need to be aware of the entire extent of the harm. *Tchankpa* at ¶ 19, citing *Harris v. Reedus*, 10th Dist. No. 15AP-181, 2015-Ohio-4962, ¶ 15. The "cognizable event" simply puts the client on notice to investigate a potential legal malpractice claim. *Id.*

{¶ 18} Christensen argues the "cognizable event" took place on or around March 2019 as evidenced by appellant's complaint, which provides, "[o]n or about March 2019, I researched into my case, and I feel that my case was mishandled by 1) not deposing the defendant, 2) not hiring an expert medical witness to testify about my injuries, and they mishandled my son's case in the same way." (July 2, 2021 Compl. at ¶ 9.) While appellant does not dispute the cited provision of her complaint, she alleges that she did not discover the legal malpractice until she realized her case was dismissed. At which point, appellant claims to have immediately filed her new complaint. (Dec. 11, 2023 Reply Brief at 11-12.)

{¶ 19} Upon review, construing the evidence in a light most favorable to appellant, as required under Civ.R. 56 analysis, Christensen has demonstrated that there is no genuine issue of material fact as to the alleged claim of legal malpractice and is entitled to summary judgment. In reaching this conclusion, we agree with Christensen that the complaint indicates that appellant was on notice in March 2019 to investigate the potential legal malpractice claim but failed to do so prior to the expiration of the one-year statutory period. While appellant claims that she did not discover the legal malpractice until much later, her prior admission in her complaint makes clear that she was reasonably on notice to investigate the purported malpractice in March 2019. Again, the client does not need to be aware of the full extent of the harm to be on notice. "Knowledge of a potential problem starts the statute to run, even when the client does not know all the details." (Further citation omitted.) *Starner* at ¶ 26. Moreover, even considering that the attorney-client relationship concluded on May 15, 2020, the one-year statute of limitations lapsed before the filing of the July 2, 2021 complaint. Because both the date of termination and the cognizable event occurred more than one year from the date the complaint was filed, we find no error with the trial court's dismissal of appellant's legal malpractice claim.

{¶ 20} Accordingly, appellant's assignment of error is overruled.

### 3. Remaining Arguments

{¶ 21} Appellant has made several claims and allegations against Nationwide, State Farm, and Roble in the body of her brief. Appellant, however, has failed to include these claims as part of her assignment of error. Appellant's sole assignment of error expressly states that she is contesting the trial court's "grant[] of summary judgment in favor of the Defendants entered in this action on July 26, 2023." (Appellant's Brief at 6.) The only motion for summary judgment that was granted in the July 25, 2023 decision and entry was brought by Christensen. The assignment of error makes no mention or reference to the trial court's other rulings in the July 25, 2023 decision and entry, namely: granting an August 2, 2021 motion to dismiss filed by Roble; granting Nationwide's August 4, 2021 motion to dismiss; granting State Farm's August 9, 2021 motion to dismiss; denying appellant's December 6, 2021 motion for leave to respond to pleadings; and denying appellant's February 2, 2023 motion for summary judgment. Similarly, in appellant's "issue presented for review" section of her brief, while initially discussing the trial court's grant of summary judgment, she also refers to Civ.R. 12(B)(6), which concerns a motion to dismiss for failure to state a claim. (Appellant's Brief at 7.) As was the case with the arguments asserted in the body of the brief, Civ.R. 12(B)(6) does not concern the trial court's ruling as to the motion for summary judgment. App.R. 12(A)(1)(b*); State v. Moore*, 10th Dist. No. 19AP-464, 2021-Ohio-1379, ¶ 81-82.

{¶ 22} It is well established that " '[t]his court rules on assignments of error, not mere arguments.' " *Alford v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 22AP-779, 2024-Ohio-19, ¶ 23, quoting *Huntington Natl. Bank v. Burda*, 10th Dist. No. 08AP-658, 2009-Ohio-1752, ¶ 21, citing Ohio App.R. 12(A)(1)(b) (providing that "a court of appeals shall * * * [d]etermine the appeal on its merits on the assignments of error set forth in the briefs"); *Williams v. Barrick*, 10th Dist. No. 08AP-133, 2008-Ohio-4592, ¶ 28 (concluding reviewing courts "rule[] on assignments of error only, and will not address mere arguments"); *see also Jordan v. Truelight Church of God in Christ*, 10th Dist. No. 20AP-500, 2021-Ohio-2507, ¶ 9. Absent assignments of error to address, an appellate court has nothing to review. *Luke v. Roubanes*, 10th Dist. No. 16AP-766, 2018-Ohio-1065, ¶ 16, citing *Pack v. Hilock Auto Sales*, 10th Dist. No. 12AP-48, 2012-Ohio-4076, ¶ 13. Because an

appellate court rules on assignments of error and not mere arguments or issues presented for review, we decline to address them.  App.R. 12(A)(1)(b); *Moore* at ¶ 82.

**V.  CONCLUSION**

{¶ 23} Having overruled appellant's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment Affirmed.*

JAMISON and EDELSTEIN, JJ., concur.