[Cite as *Premiere Radio Networks, Inc. v. Sandblast, L.P.*, 2019-Ohio-4015.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Premiere Radio Networks, Inc., | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 18AP-736 |
| v. | : | (C.P.C. No. 17CV-9977) |
| Sandblast, L.P., | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on September 30, 2019

**On brief:** *Mason, Schilling & Mason Co., LPA, Richard D. Schilling, Rachel J. Mason, J. Blake Thomas*, **and** *Joseph M. Ruwe*, **for appellee.**

**On brief:** *Percy Squire Co., LLC*, **and** *Percy Squire*, **for appellant.**

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Defendant-appellant, Sandblast, L.P., appeals from a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of plaintiff-appellee, Premiere Radio Networks, Inc. ("Premiere"), on Premiere's claims for breach of contract or unjust enrichment. For the following reasons, we affirm.

I. Facts and Procedural History

{¶ 2} In December 2014, Premiere entered into a license agreement with Sandblast granting Sandblast the exclusive right to broadcast the Steve Harvey Morning Show radio program within the Columbus, Ohio metropolitan radio market (the "License Agreement"). The License Agreement commenced on January 1, 2015 and terminated on December 31, 2017. The License Agreement provided that Sandblast would pay certain license fees and

bonuses as set forth in an attached schedule. On November 7, 2017, Premiere filed a complaint in the common pleas court, asserting Sandblast had breached the License Agreement and that Premiere was entitled to a judgment of $96,492, plus interest, fees, and costs. The complaint also asserted an alternative claim for unjust enrichment.

{¶ 3} Sandblast moved to dismiss the complaint for failure to state a claim upon which relief could be granted, arguing it was not a party to the License Agreement and that there was no written agreement between Sandblast and Premiere. The trial court denied Sandblast's motion to dismiss, noting the License Agreement explicitly provided it was between Premiere and Sandblast.

{¶ 4} Premiere moved for summary judgment, asserting there were no genuine issues of material fact and it was entitled to judgment as a matter of law because Sandblast breached the License Agreement and failed to present any defense beyond a general denial of Premiere's claims. Premiere further argued that Sandblast had been unjustly enriched by receiving the radio programming under the License Agreement and not having paid the license fees as provided in the agreement. Sandblast filed a memorandum in opposition, arguing there was no agreement between Premiere and Sandblast, but that the License Agreement was between Premiere and two radio subchannels that Sandblast previously leased from another company. Sandblast further argued there was a genuine issue of material fact as to whether the parties had entered into an accord and satisfaction transferring the radio programming to another station. The trial court granted summary judgment in favor of Premiere, finding there was no genuine issue of material fact and Premiere was entitled to judgment as a matter of law in the amount of $96,492, plus interest and costs.

## II. Assignment of Error

{¶ 5} Sandblast appeals and assigns the following sole assignment of error for our review:

> The Trial Court erred when it granted summary judgment to Plaintiff because due to the provisions of 47 CFR §74.1231(b) Sandblast, L.P. could not lawfully be party to the relevant programming agreement with Premiere.

## III. Analysis

{¶ 6}  We review a grant of summary judgment under a de novo standard. *Capella III, LLC v. Wilcox*, 190 Ohio App.3d 133, 2010-Ohio-4746, ¶ 16 (10th Dist.), citing *Andersen v. Highland House Co.*, 93 Ohio St.3d 547, 548 (2001). "[D]e novo appellate review means that the court of appeals independently reviews the record and affords no deference to the trial court's decision." (Internal quotations and citations omitted.) *Holt v. State*, 10th Dist. No. 10AP-214, 2010-Ohio-6529, ¶ 9. Summary judgment is appropriate where "the moving party demonstrates that: (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made." *Capella III* at ¶ 16, citing *Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, ¶ 6. In ruling on a motion for summary judgment, the court must resolve all doubts and construe the evidence in favor of the non-moving party. *Pilz v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 04AP-240, 2004-Ohio-4040, ¶ 8.

{¶ 7}  Sandblast's primary argument on appeal is that the trial court erred by granting summary judgment in favor of Premiere because Sandblast was prohibited by federal law from being a party to the License Agreement. Sandblast argues the radio station it owns is an FM translator and that under 47 C.F.R. 74.1231(b) it could not originate programming or transmit an FM radio signal as provided under the License Agreement. However, Sandblast did not raise this argument before the trial court and asserts it for the first time on appeal. Issues raised for the first time on appeal are deemed to have been waived or forfeited through failure to assert them before the trial court. *See J&H Reinforcing & Structural Erectors, Inc. v. Ohio School Facilities Comm.*, 10th Dist. No. 13AP-732, 2014-Ohio-1963, ¶ 19 ("Issues that could have been raised and resolved in the trial court cannot be raised for the first time on appeal. Thus, issues not raised in the trial court are forfeited on appeal."); *Bell v. Teasley*, 10th Dist. No. 10AP-850, 2011-Ohio-2744, ¶ 15 ("Parties cannot raise any new issues for the first time on appeal, and the failure to raise an issue at the trial level waives it on appeal."). "[W]hile this court's standard on review on a motion for summary judgment is de novo, that standard 'does not supersede [an appellate court's] settled practice of not addressing issues raised for the first time on appeal.' " *Tucker v. Leadership Academy for Math & Science of Columbus*, 10th Dist. No.

14AP-100, 2014-Ohio-3307, ¶ 20. Accordingly, we decline to consider Sandblast's federal law argument.

{¶ 8} Sandblast further argues there was no written agreement between Premiere and Sandblast, claiming the License Agreement was between Premiere and two radio stations, WTOH-HD4 and WTOH-X1. Sandblast asserts that in the absence of a written agreement, the statute of frauds would prevent a breach of contract claim because the license period extended two years, from January 1, 2015 through December 31, 2017.

{¶ 9} The first paragraph of the License Agreement, which was attached to Premiere's complaint, provided as follows:

> This Radio Program License Agreement ("Agreement") is by and between Premiere Radio Networks, Inc., a Delaware corporation located at 125 W 55th St., 21st Floor, New York, NY 10019; ("Distributor" or "Premiere") and Sandblast Limited Partnership, ("Licensee"), licensee of station, WTOH-HD4 (98.9) and simulcast on WTOH-X1 (W294AH), 95.9, ("Station"), located at 341 S. 3rd Street, Suite 10 Columbus OH 43215, as of January 01, 2015.

(The Steve Harvey Morning Show Radio Program License Agreement at 1, attached as Ex. to Compl.) Thus, Sandblast is expressly named as a party to the License Agreement. The License Agreement further stated that Premiere granted Sandblast, as the licensee, the exclusive right to broadcast certain radio programming in the Columbus radio market and that in consideration of that license, Sandblast would pay license fees as set forth in the agreement.

{¶ 10} "In order to establish a claim for breach of contract, the plaintiff must show the existence of a contract, performance by the plaintiff under the terms of that contract, breach by the defendant, and damage or loss to the plaintiff." *CosmetiCredit, LLC v. World Fin. Network Natl. Bank*, 10th Dist. No. 14AP-32, 2014-Ohio-5301, ¶ 13. The License Agreement establishes there was a contract between Premiere and Sandblast. In its motion for summary judgment, Premiere asserted Sandblast was provided with the radio programming under the License Agreement but failed to make the license fee payments as set forth in that agreement. Premiere supported its motion for summary judgment with an affidavit from a senior collections manager and copies of business records showing the amounts due on Sandblast's account. Premiere also supported its motion for summary

judgment with a copy of Sandblast's response to Premiere's requests for admission, in which Sandblast admitted that Percy Squire had authority on behalf of Sandblast to execute the License Agreement. Based on our review of these materials, we conclude that Premiere demonstrated there is no genuine issue of material fact regarding the existence of an agreement between Premiere and Sandblast, breach of that agreement by Sandblast, and damage to Premiere as a result of that breach; accordingly, Premiere was entitled to judgment as a matter of law, and the trial court did not err by granting summary judgment in favor of Premiere.

{¶ 11} Therefore, we overrule Sandblast's sole assignment of error.

## IV. Conclusion

{¶ 12} For the foregoing reasons, we overrule Sandblast's sole assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT, P.J., and BRUNNER, J., concur.