[Cite as *Wright-Patt Credit Union v. Nunley*, 2024-Ohio-2340.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Wright-Patt Credit Union, | : | |
| Plaintiff-Appellee, | : | No. 23AP-509 |
| | | (C.P.C. No. 23CV-1480) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Mark A. Nunley, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on June 18, 2024

**On brief:** *Weltman, Weinberg & Reis, Co., L.P.A.*, and *Allen J. Reis*, for appellee. **Argued:** *Allen J. Reis*.

**On brief:** *Mark A. Nunley*, pro se. **Argued:** *Mark A. Nunley*.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Defendant-appellant, Mark A. Nunley, appeals pro se from the August 21, 2023 judgment of the Franklin County Court of Common Pleas granting a motion for summary judgment filed by plaintiff-appellee, Wright-Patt Credit Union ("Wright-Patt"). For the following reasons, we affirm.

I. Facts and Procedural History

{¶ 2} On August 28, 2021, Nunley purchased a used 2016 Mitsubishi Outlander Sport ("the Mitsubishi") from Ricart Properties, Inc. ("Ricart") for $23,187.75, with $19,474.23 of the purchase price financed. Nunley signed a retail installment contract and security agreement ("the Contract") providing that he would make 75 monthly payments of $309.17 beginning October 12, 2021. Pursuant to the terms of the Contract, Nunley granted

Ricart a security interest in the Mitsubishi.  The same day, Ricart assigned the Contract to Wright-Patt.

{¶ 3}   On March 2, 2023, Wright-Patt filed a complaint in the Franklin County Court of Common Pleas asserting Nunley had failed to make the required payments under the Contract.  Wright-Patt sought a judgment for $19,220.22, plus interest, under the Contract and an order granting it possession of the Mitsubishi.  Nunley filed an answer generally denying all allegations contained in the complaint.

{¶ 4}   The trial court granted Wright-Patt's motion for possession and issued an order of possession providing that upon payment of a bond by Wright-Patt, the Franklin County Sheriff would seize the Mitsubishi and deliver it to Wright-Patt.

{¶ 5}   On July 13, 2023, Wright-Patt moved for summary judgment, asserting it had established that Nunley owed $19,220.22, plus fees and interest, under the Contract and that it had the right to permanent possession of the Mitsubishi.  Wright-Patt claimed there were no genuine issues of material fact and it was entitled to judgment as a matter of law. Wright-Patt supported its motion for summary judgment with a copy of the Contract, a summary statement for Nunley's account, and an affidavit from its asset recovery manager. On August 11, 2023, the trial court granted Wright-Patt's motion for summary judgment, entering judgment in favor of Wright-Patt for $19,220.22 owed on the Contract, fees of $948.67, accrued interest of $1,013.93 through February 20, 2023, and interest thereafter at 5.19 percent, and granting Wright-Patt permanent possession of the Mitsubishi.

## II. Assignments of Error

{¶ 6}   Nunley appeals and assigns the following assignment of error for our review:

> The trial court erred and abused its discretion in dismissing Mark Allen Nunley appellant's action. Mark Allen Nunley never have been [sic] given time and a chance to present his important evidence and his facts to the court.

## III. Analysis

{¶ 7}   We review a grant of summary judgment de novo, independently reviewing the record and affording no deference to the trial court's decision.  *Premiere Radio Networks, Inc. v. Sandblast, L.P.*, 10th Dist. No. 18AP-736, 2019-Ohio-4015, ¶ 6. Summary judgment is warranted when the moving party demonstrates: (1) there is no genuine issue

of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can only come to one conclusion, which is adverse to the non-moving party. *Id.* In considering a motion for summary judgment, the court must resolve all doubts and construe the evidence in favor of the non-moving party. *Id.*

{¶ 8} Most of Nunley's brief on appeal appears to relate to some case other than the one before this court. Nunley refers to a divorce complaint filed in September 2013, a trial conducted in November 2014, and a dismissal pursuant to Civ.R. 41(B)(1) for failure to prosecute. None of those events occurred in the case giving rise to this appeal. To the extent Nunley argues the trial court abused its discretion by dismissing under Civ.R. 41(B)(1) for failure to prosecute, we disregard that argument as irrelevant to this appeal.

{¶ 9} Nunley and counsel for Wright-Patt have presented this court with additional information about the Contract and disposition of the Mitsubishi that was not part of the trial record. In his brief on appeal and at oral argument, Nunley asserted he traded in the Mitsubishi toward the purchase of a 2022 Kia Forte from Ricart in April 2022.[1] Counsel for Wright-Patt alleged that when Wright-Patt contacted Nunley about making payments on the Contract prior to filing the complaint, Nunley stated he had left the Mitsubishi at Ricart, but did not indicate it was part of a second transaction. Wright-Patt then contacted Ricart in an attempt to locate the Mitsubishi; Ricart asserted they did not have the Mitsubishi. Wright-Patt became aware of the Kia transaction only after this appeal was filed, when Nunley provided a copy of the contract for that transaction during mediation discussions. Counsel stated that the contract indicated the Mitsubishi was listed as a trade-in toward the Kia, with no trade-in value granted for the Mitsubishi. Counsel asserted that Wright-Patt was not involved in the Kia transaction and had no knowledge of it, and that the contract for the Kia transaction was assigned to a different lender. He further asserted that no payoff of the Contract was provided as part of the Kia transaction and that Wright-Patt did not release its security interest in the Mitsubishi. Counsel further claimed that after acquiring this information, Wright-Patt again contacted Ricart and Ricart then located the Mitsubishi on its premises. Wright-Patt's counsel asserted at oral argument that

---

[1] At oral argument, Wright-Patt's counsel asserted this transaction occurred on March 25, 2022.

Wright-Patt obtained the Mitsubishi from Ricart and sold it for $7,700, and that the proceeds of the sale were applied toward the amount Nunley owed under the judgment.

{¶ 10} Assuming the information provided by Nunley and counsel for Wright-Patt is accurate, it is illuminating as to the history and development of these transactions. However, this information cannot be used to form a new argument or defense on appeal that was not presented to the trial court record. *See Premiere Radio* at ¶ 7 ("Issues raised for the first time on appeal are deemed to have been waived or forfeited through failure to assert them before the trial court."); *Clifton Care Ctr. v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 12AP-709, 2013-Ohio-2742, ¶ 13 ("A party may not change its theory of the case and present new arguments for the first time on appeal.").

{¶ 11} The documents submitted in support of Wright-Patt's summary judgment motion establish that Nunley was provided $19,474.23 in credit under the Contract and agreed to make 75 payments of $309.17 per month to pay off that debt obligation. Pursuant to the Contract, Nunley granted Ricart a security interest in the Mitsubishi to secure the debt. Ricart assigned the Contract, including the security interest in the Mitsubishi, to Wright-Patt. Nunley ceased making the monthly payments required under the Contract and owed a principal balance of $19,220.22. Based on our de novo review, we conclude Wright-Patt established there were no genuine issues of material fact and it was entitled to judgment as a matter of law on its claims for judgment on the Contract and for possession of the Mitsubishi.

{¶ 12} Although not raised as an assignment of error or argued in Nunley's brief, the timing of the trial court's grant of summary judgment was also addressed at oral argument. The certificate of service for Wright-Patt's summary judgment motion indicated the motion was served on Nunley by electronic mail July 13, 2023, but at oral argument counsel for Wright-Patt asserted the summary judgment motion was served on Nunley by regular mail. Civ.R. 6(C)(1) provides that "[r]esponses to motions for summary judgment may be served within twenty-eight days after service of the motion." Civ.R. 6(D) further provides that when a party has a right to respond within a prescribed period after service of a document, three additional days are added to the prescribed period if service was made by mail. Thus, based on Wright-Patt's admission at oral argument that the summary judgment motion

was served on Nunley by regular mail, Nunley had 31 days to respond to the motion under Civ.R. 6(C)(1) and (D).  Wright-Patt filed its motion for summary judgment on July 13, 2023, and the trial court granted the motion on August 11, 2023, only 29 days after it was filed and two days before Nunley's time to respond expired.[2]

{¶ 13} This court has held that a trial court's failure to afford the non-moving party time for a full and fair response before ruling on a summary judgment motion "implicates [the] procedural due process rights of the nonmoving party and constitutes reversible error." *Green Tree Servicing, L.L.C. v. Graul*, 10th Dist. No. 15AP-761, 2016-Ohio-4641, ¶ 11.  We have also held that, under certain circumstances, a trial court's premature ruling on a motion may be harmless error.  *Robinson v. Kokosing Constr. Co.*, 10th Dist. No. 05AP-770, 2006-Ohio-1532, ¶ 16.   In *Robinson*, the trial court granted a motion for judgment in favor of the defendants five days before the end of the time provided under the local rules for the plaintiff's response.  *Id*. at ¶ 15.  While noting the trial court erred by ruling on the motion prematurely, this court concluded the defendants were entitled to judgment because the plaintiff had not refiled his complaint within one year of an earlier voluntary dismissal.   Therefore, the plaintiff was not materially prejudiced by the premature ruling and it was a harmless error because the result would have been unchanged if the trial court had waited the additional five days.  *Id*. at ¶ 16.

{¶ 14} In this case, Nunley has failed to offer any defense, other than a general denial of the allegations of the complaint, to Wright-Patt's claims under the Contract.  As explained above, the parties have provided additional information about the disposition of the Mitsubishi that was developed after this appeal was filed.  The additional information suggests Nunley might have some remedy against Ricart, but it does not appear to affect Wright-Patt's right to recover under the Contract.  *See, e.g., Wall v. Planet Ford, Inc.*, 159 Ohio App.3d 840, 2005-Ohio-1207, ¶ 20 (2d Dist.) (holding there was a genuine issue of material fact in a Consumer Sales Practices Act case as to whether a car dealership promised to pay off the portion of a home equity loan that had been used to purchase a vehicle that was traded-in toward a lease on a new vehicle).  Thus, the result of the motion for summary

---

[2] The 29-day calculation is based on not counting the day the motion was filed, pursuant to Civ.R. 6(A) ("In computing any period of time prescribed or allowed by these rules * * * the day of the act, event, or default from which the designated period of time begins to run shall not be included.").

judgment would have been the same even if the additional information had been presented to the trial court during the two remaining days provided under the Civil Rules for Nunley to respond. Therefore, under these circumstances, we conclude Nunley was not materially prejudiced by the trial court's premature ruling on Wright-Patt's motion for summary judgment.

{¶ 15} Accordingly, we overrule Nunley's sole assignment of error.

## IV. Conclusion

{¶ 16} For the foregoing reasons, we overrule Nunley's sole assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BEATTY BLUNT, J., concurs.
EDELSTEIN, J., dissents.

EDELSTEIN, J., dissenting.

{¶ 17} It is true that Mr. Nunley never filed a memorandum in opposition to Wright-Patt's summary judgment motion in the trial court. And, "[i]t may well be that eventually the same result will ensue as prematurely reached by the trial court." *K.R.D. Hamilton & Assocs., Inc. v. Applied Mgt. Sys., Inc.*, 10th Dist. No. 78AP-509, 1979 Ohio App. LEXIS 12350, *6 (Mar. 20, 1979). In any event, I believe "it is improper to determine the merits of the various motions until plaintiffs have had a full opportunity to respond thereto." *Id.* at *6-7. As this court has previously explained:

> Plaintiffs [are] entitled to rely upon both the defendants' counsel and the trial court following the Civil Rules. The Civil Rules are binding upon the trial court and should be followed by them and not avoided or evaded. ***Strict adherence to the rules avoids the necessity of reversals such as herein involved for the violation of the rules***. Unfortunately, this court does not reach the merits of any of the motions but must consider them only upon the basis of the procedural deficiencies, which necessitates reversal and remand for the purpose of affording plaintiff a full opportunity to respond to the various motions in a proper manner.

(Emphasis added.) *Id.* at *7.

{¶ 18} Because the trial court clearly committed procedural error in ruling on Wright-Patt's motion for summary judgment before Mr. Nunley's time to respond expired, I would sustain Mr. Nunley's sole assignment of error and remand to the trial court for further proceedings.

————————————