[Cite as *Bear River Dispensaries, L.L.C. v. Canepa*, 2026-Ohio-1574.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Bear River Dispensaries LLC, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 25AP-760 |
| v. | : | (C.P.C. No. 24CV-7677) |
| Jim Canepa, Director of [the] Ohio Division of Cannabis Control in his official capacity, | : | (REGULAR CALENDAR) |
| | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on April 30, 2026

**On brief:** *Dickinson Wright PLLC, Jonathan R. Secrest*, and *Lloyd Pierre-Louis*, for appellant. **Argued:** *Jonathan R. Secrest*.

**On brief:** *Dave Yost*, Attorney General; Isaac *Wiles Burkholder & Miller, LLC, Brian T. Johnson, Trista M. Turley*, and *Kyle R. Davidson*, as special counsel for appellee. **Argued:** *Trista M. Turley*.

APPEAL from the Franklin County Court of Common Pleas

LELAND, J.

{¶ 1} Plaintiff-appellant Bear River Dispensaries, LLC challenges the judgment of the Franklin Count Court of Common Pleas granting the motion for summary judgment of defendant-appellee Jim Canepa, the director of the Ohio Division of Cannabis Control ("Division"), and denying appellant's motion for summary judgment.

## I.  Facts and Procedural History

{¶ 2} Prior to December 7, 2023, Ohio permitted the sale and use of marijuana for medical but not recreational purposes.  This changed when Ohio voters passed the Adult Use Act, allowing for the sale and recreational use of marijuana beginning on December 7,

2023.  The former statute applicable to this case, R.C. 3780.10, ordered the Division to issue adult use dispensary licenses to applicants that met certain conditions.  On March 20, 2026, during the pendency of the present appeal, S.B. 56 of the 136th General Assembly repealed R.C. 3780.10 and all other sections of Chapter 3780.

{¶ 3}  Appellant received a license to operate a medical marijuana dispensary on March 29, 2023 ("medical marijuana license").  On September 15, 2023, appellant executed an asset purchase agreement to, among other things, sell its medical marijuana license to Bear River Acquisition.  On May 9, 2024, the Division approved the change of ownership of the medical marijuana license from appellant to Bear River Acquisition.  The sale took effect when the asset purchase agreement closed on May 22, 2024.

{¶ 4}  After purchasing appellant's medical marijuana license, Bear River Acquisition successfully applied for an adult use cannabis dispensary license pursuant to R.C. 3780.10(B) ("10(B) license").  On June 14, 2024, appellant likewise applied for a 10(B) license, but the Division denied appellant's application because it determined appellant did not hold a medical marijuana dispensary certificate of operation.

{¶ 5}  Appellant filed its complaint against the Division on October 4, 2024.  Both sides moved for summary judgment on competing interpretations of R.C. 3780.10(B).  The trial court denied appellant's motion for summary judgment and granted the Division's motion for summary judgment.  Appellant timely appealed.

## II.  Assignment of Error

{¶ 6}  Appellant assigns the following as error for our review:

> The Trial Court Erred in Granting Appellee's Motion for Summary Judgment and Denying Appellant's Motion for Summary Judgment.

## III.  Discussion

{¶ 7}  We review a grant of summary judgment under a de novo standard of review. *Premiere Radio Networks, Inc. v. Sandblast, L.P.*, 2019-Ohio-4015, ¶ 6 (10th Dist.). "Summary judgment is appropriate where 'the moving party demonstrates that: (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made.' " *Id.*, quoting *Capella III, LLC v. Wilcox*, 2010-Ohio-4746, ¶ 16 (10th Dist.).  In a summary

judgment ruling, courts resolve all doubts and interpret the evidence in favor of the non-moving party. *Sandblast.*

{¶ 8} The controlling statute in this case is former R.C. 3780.10, which, in relevant part, reads as follows:

> (B) The following licenses shall be issued by the division of cannabis control within nine months of December 7, 2023, if the license applicant is in compliance with section 3780.11 of the Revised Code and this chapter, and the license applicant has, or the same owners of the license applicant, have, a certificate of operation or medical provisional license issued as of December 7, 2023:
>
> (1) A dispensary issued a certificate of operation or medical provisional license shall be issued an adult use dispensary license under this chapter for the current location of the dispensary;
>
> . . .
>
> (4) A dispensary issued a certificate of operation or medical provisional license shall be issued under this chapter one adult use dispensary license at a different location as designated in the license application if the dispensary does not have any common ownership or control with any level I adult use cultivator, level II adult use cultivator, or adult use processor license applicant or licensee[.]

{¶ 9} Appellant argues R.C. 3780.10(B) requires the issuance of a 10(B) license to an applicant that had a medical marijuana license as of December 7, 2023, even if the applicant has since lost or sold that license. The Division responds that because the language of R.C. 3780.10(B) discusses possession of the medical marijuana license in the present tense, not the past tense, an applicant must possess it at the time of application to qualify for a 10(B) license. Like the summary judgment standard of review outlined above, we review a trial court's interpretation of a statute de novo. *Wayt v. DHSC, L.L.C.*, 2018-Ohio-4822, ¶ 15. We apply a plain and unambiguous statute as written, without resort to tools of statutory interpretation. *Id.*

{¶ 10}  The statute dictates the Division shall issue a 10(B) license to an applicant that (1) is compliant with "section 3780.11 of the Revised Code and this chapter"; (2) "the license applicant has, or the same owners of the license applicant, have, a certificate of operation or medical provisional license"; and (3) the certificate of operation or medical provisional license must be "issued as of December 7, 2023." R.C. 3780.10(B).  The parties disagree on the interpretation only of the statute's second and third conditions.

{¶ 11}  The words at issue in this case are so elementary as to require no definition. Nevertheless, we oblige appellant.  "Has" is the present tense third-person singular form of "have."    Merriam-Webster, *Has*, https://www.merriam-webster.com/dictionary/has (accessed April 29, 2026).    The common understanding of "have" is "to hold or maintain (something tangible or intangible) as a possession, privilege, entitlement, or responsibility."    Merriam-Webster, *Have*, https://www.merriam-webster.com/dictionary/have (accessed April 29, 2026).  Put another way, "have" means "to hold in one's use, service, regard, or at one's disposal." *Id*.  In simple terms, the statute limits 10(B) licenses to applicants that possess the appropriate medical marijuana licensure at the time of their applications.  We find the statute's meaning unambiguous, and so we apply it as written.

{¶ 12}  Here, appellant finalized the sale of its license to operate a medical marijuana dispensary on May 22, 2024.  Appellant then applied for a 10(B) license on June 14, 2024. Thus, under the plain terms of R.C. 3780.10(B), appellant did not "have" the medical marijuana license needed for a 10(B) license.  Appellant *had* such a license, but not at the time it applied for a 10(B) license.  Nothing in R.C. 3780.10(B) directs the Division to issue a 10(B) license to an applicant that once possessed, but no longer possesses, the necessary medical marijuana licensing.  To read otherwise would be to impermissibly alter the text of the statute.  Contrary to appellant's position, the issuance date of the "certificate of operation or medical provisional license" does not change statutory language from present to past tense.  R.C. 3780.10(B).  There is an obvious difference between *having* a timely-issued license, as the statute contemplates, and *having had* a timely-issued license.  We find no error in the trial court's order granting summary judgment in favor of the Division and denying appellant's motion for summary judgment.    We accordingly overrule appellant's single assignment of error.

## IV. Conclusion

{¶ 13} Having overruled appellant's single assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BOGGS, P.J., and JAMISON, J., concur.

————————